### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

MARY MCLEOD BETHUNE DAY ACADEMY :
PUBLIC CHARTER SCHOOL                              :
253 42nd Street, NE                                        :
Washington, D.C. 20019                               :
                                                                       :
       Plaintiff                                          :
                                                                       :
       v.                                                    :      **CIVIL ACTION NO.**
                                                                       :
TERRI BLAND,                                             :
as next friend of the minor child, T.B.             :
and T.B., individually                                   :
5412 C Street, SE                                          :
Washington, D.C. 20019                               :
                                                                       :

### COMPLAINT

#### JURISDICTION

1. Jurisdiction of this Court is founded in 28 U.S.C. §1331, and the Individuals with Disabilities in Education Improvement Act of 2004, 20 U.S.C. §1415, ("IDEIA"), as an appeal of a hearing officer's determination which was filed pursuant to IDEIA, 20 U.S.C. § 1400 *et seq.*

2. Plaintiff is a District of Columbia Public Charter School which has elected to be its own local education agency ("LEA") under IDEIA, for special education issues.

3. Defendant Bland and her minor child are current residents of the District of Columbia and claimed District of Columbia residency for all or part of the time during the underlying administrative proceedings.

## FACTS

4.   T.B. is a twelve year-old, special education student who currently attends Mary McLeod Bethune Day Academy Public Charter School ("MMB") as a fifth grader.

5.   The student began his attendance at MMB at the beginning of the 2005-2006 school year.

6.   The student's individualized education plan ("IEP") dated March 10, 2006 provided for 15 hours of specialized instruction and forty-five minutes of occupational therapy per week. This IEP classified T.B. as a student with learning disabilities ("LD").

7.   On October 31, 2006, the parent, through counsel, filed a due process hearing complaint alleging, *inter alia,* that MMB failed to convene an IEP meeting in a timely manner, failed to comprehensively evaluate the student, and failed to develop an appropriate IEP.

8.   MMB convened a resolution meeting in response to the complaint on November 15, 2006.

9.   At the resolution meeting, the parties agreed that MMB would provide one-on-one tutoring for the student for one hour per week to compensate for any missed services in the past.

10.  The parent and her advocate were in agreement with the one-on-one tutoring, which was then written into the IEP.

11.  The parties left the resolution meeting with the understanding that the complaint was resolved. However, when counsel for MMB tried to contact counsel for the student regarding withdrawing the hearing request, the counsel for MMB did not get a response.

12.  It was not until on or around the day prior to the hearing that counsel for the student informed counsel for MMB that they were now not in agreement with the one-on-one

tutoring offered at the resolution meeting.  This was the first time the parent expressed any disagreement with the compensatory education plan offered by MMB.

13. The hearing convened on January 17, 2007 and the parent presented her case.  The only witnesses to testify were the parent and her advocate.

14. At the close of the parent's case in chief, MMB made a motion for directed finding that the parent failed to meet her burden.  The case recessed for the hearing officer to decide the motion.

15. On January 26, 2007, the hearing officer issued a decision granting, in part, MMB's motion for directed finding.  The hearing officer held that the parent failed to meet her burden of proof and that further evaluations were not warranted.

16. The hearing officer denied the motion for directed finding with regard to the issue of compensatory education and ordered the hearing to reconvene for MMB to present its defense.

17. On February 6, 2007, MMB submitted a motion for reconsideration since the parent failed present any evidence in her case in chief that compensatory education was warranted.  The hearing officer denied this motion.

18. On March 23, 2007 the hearing reconvened for MMB to present its defense. Unable to make a ruling based on the information in the record, the hearing officer ordered MMB to submit additional documentation regarding the student's progress. Despite the fact that the parent, not MMB, had the burden of proof in this case, counsel for MMB agreed to provide any information requested by the hearing officer. Accordingly, on April 3, 2007 MMB submitted to the hearing officer, with a copy to parent's counsel, information

regarding the student's standardized reading test scores.

19.    On April 9, 2007, the hearing officer issued his final decision and ordered MMB to fund 375 hours of compensatory education. *See* Ex. 1.

20.    MMB herein appeals the April 9, 2007 hearing officer's decision.

### COUNT I

21.    Plaintiff repeats and realleges paragraphs 1 - 20.

22.    The hearing officer erred in granting relief for the defendant after she failed to meet her burden in proving compensatory education was warranted in accordance to the standard set out in *Reid v. District of Columbia*, 401 F.3d 516 (D.C. Cir. 2005). Pursuant to *Reid*, "the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place" *Id.* at 524. At the administrative hearing, the defendant failed to present any evidence as to the actual harm of the alleged denial of FAPE. Consequently, the hearing officer focused on a quantitative rather that qualitative remedy, a method specifically discouraged in *Reid*. *Id.* An award of compensatory education must be fact specific and based on evidence of the student's specific deficits. At the due process hearing the defendant offered no such evidence nor did she propose a program that would address any deficits.

### COUNT II

23.    Plaintiff repeats and realleges paragraphs 1 - 22.

24.    The Hearing Officer erred in using a mathematical formula to determine compensatory services thereby ignoring *Reid v. District of Columbia.* 401 F.3d 516 (D.C. Cir. 2005). In

4

his decision, the hearing officer calculated the number of service hours allegedly missed

by the student and then came up with the number of 375 hours of tutoring as

compensatory education.  The hearing officer's award of 375 hours was arbitrary and not

factually based, in violation of *Reid.*

**WHEREFORE**, the Plaintiff respectfully requests this Court to:

1.  Issue a judgment for Plaintiff and against Defendant on all aforementioned counts;

2.  Order that the April 9, 2007 Hearing Officer's Decision be reversed, and

    underlying due process complaint be dismissed with prejudice;

3.  Grant such other and further relief as the Court deems just and proper.

Date: July 6, 2007                                  Respectfully submitted,

                                                    Paul S. Dalton, Esq.
                                                    Counsel for Plaintiff
                                                    D.C. Bar No. 439118
                                                    Dalton & Dalton, P.C.
                                                    1008 Pendleton Street
                                                    Alexandria, Virginia 22314
                                                    (703) 739-4300 (ph)
                                                    (703) 739-2323 (f)

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
ENFORCEMENT AND INVESTIGATION DIVISION

SPECIAL EDUCATION DUE PROCESS HEARING

CONFIDENTIAL

## HEARING OFFICER'S DETERMINATION ON COMPENSATORY EDUCATION

STUDENT: Terrence Bland                DATE OF BIRTH: 4/3/95

ADDRESS: 5412 C Street, S.E.
Washington, D.C. 20019

PRESENT SCHOOL ATTENDING: Bethune Academy
HOME SCHOOL: Same

DATE OF HEARING: January 17, 2007
DATE OF HOD: January 26, 2007
MOTION FOR RECONSIDERATION: Feb. 6, 2007
DATE OF HEARING ON COMP. ED.: March 23, 2007
SUPPLEMENTAL DISCLOSURE: April 3, 2007

TESTIFIED AT THE HEARINGS ON January 17th and March 23rd 2007:

| | |
|---|---|
| Corey Hamilton | Educational Advocate |
| Terri Bland | Mother |
| Golnar Abedin | Special Education Coordinator |
| Dr. Richard Fleitas* | Clinical Psychologist |
| (* Testified by telephone) | |

Student's Representative: Roberta Gambale, Esq.
Address: 1220 L Street, N.W.
Washington, D.C. 20005
FAX: 202-742-2098

Bethune Academy's Representative: Kathryn McAuliffe, Esq., Paul Dalton, Esq.
Address: 1008 Pendleton Street
Alexandria, Va. 22314
FAX : 703-739-2323

Ex. 1

## INTRODUCTION:

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on January 17, 2007, at the request of Roberta Gambale, counsel for the parent and the student. Paul Dalton represented Bethune Academy, the other party to this hearing. Counsel for both of the above parties agreed to dismiss DCPS from this proceeding. Counsel for Bethune Academy filed a Motion for Reconsideration on February 6, 2007 of the Hearing Officer's Determination of January 26, 2007. The Motion for Reconsideration was denied on February 9, 2007. A hearing to give Bethune Academy an opportunity to present their case upon the denial of their Motion for a Directed Verdict on the compensatory education issue was held on March 23, 2007. Counsel for Bethune Academy submitted the current educational testing of the student on April 3, 2007.

## JURISDICTION:

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446); and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300 and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

## DOCUMENTS SUBMITTED INTO EVIDENCE BY STUDENT:

**TB-1-TB-44**

## DOCUMENTS SUBMITTED INTO EVIDENCE BY BETHUNE ACADEMY:

**MM-1-MM-13**

## ADDITIONAL DOCUMENT SUBMITTED PURSUANT TO HEARING OFFICER'S REQUEST ON CURRENT EDUCATIONAL TESTING:

**MM-14**

## FINDINGS OF FACT:

1.  The student is currently in the fifth grade at Mary Bethune Academy Public Charter School.

2.  On March 29, 2007, the special education teacher administered the Qualitative Reading Inventory, 4th Edition to the student. From this

assessment, the special education teacher concluded that the student is reading at approximately a third grade level. (MM-14)

3. The student's current IEP of December 11, 2006 showed that the student was at 2.5-3rd grade equivalence on reading comprehension, reading basic, written expression and math reasoning based on testing data available on that date. (MM-8)

4 A psycho-educational evaluation of November 17, 2005 concluded: "His general cognitive ability, as estimated by the WISC-IV, is in the Borderline range...Terrance's academic proficiency as tested by the WIAT-II, places him in the Extremely Low to the Low Average range. His scores in reading and written expression are within the extremely low range and suggest that he needs significant academic help in those areas." His standard score on Reading was 66 and in Written Language 69. The student's scores place in the lowest range of exceeding approximately 1% of children his age. The grade equivalence on the subtests in word reading was 1.9; in reading comprehension at 1.5; in written expression at 2.6 and in math reasoning at 2.6 (MM-1)

5. The student's IEP of March 10, 2006 called for 15 hours a week of specialized instruction in a general education setting. (TB-17)

6. The student's current IEP of December 11, 2006 again requires 15 hours a week of specialized instruction to be split in the general education and special education setting provided jointly by the special education teacher and the general education teacher. (MM-8) The MDT Notes state: "Math specialized instruction for a half hour a day, 1.5 hours of specialized instruction in language arts, and 1 hour individualized reading instruction." (MM-7)

7. The special education coordinator at Bethune Academy testified that the student only receives five hours a week of specialized instruction in reading from the special education teacher in one-on-one tutoring. The student does not receive any other specialized instruction by a special education teacher even though his IEP calls for 15 hours a week of specialized instruction. The general education teacher provides instruction in math and written expression to the general education class including this student. There was no special education teacher providing services to this student in December 2006. There are 12-15 special education students at Bethune in five different grades with one special education teacher providing direct instruction to these students. (Testimony of Ms. Abedin)

8.     The student's fifth grade report card for the first advisory shows the
student failing in reading, language arts, mathematics and science with
below 70 scores. (TB-38)

## DISCUSSION AND CONCLUSIONS OF LAW:

In *Reid v. District of Columbia*, 401 F. 3d. 516 (D.C. Cir. 2005), the United States
Court of Appeals for the District of Columbia held in calculating a compensatory
education award:

> In every case, however, the inquiry must be fact-specific and, to accomplish
> IDEA's purposes, the ultimate award must be reasonably calculated to provide the
> educational benefits that likely would have accrued from special education
> services the school district should have supplied in the first place.

In this case, the student's current IEP and last IEP called for fifteen hours a week
of specialized instruction. The special education coordinator at Bethune testified that the
student only received five hours a week of specialized instruction in reading by a special
education teacher in one on one tutoring. The remaining ten hours were provided in the
general education classroom by the general education teacher who is not certified in
special education. The recent reading assessment submitted by Bethune shows the
student is reading on the third grade level, but is currently in fifth grade in a general
education classroom using a fifth grade curriculum. The student is failing in all his major
courses and is two to two and half years below grade level in reading, written expression
and math at the current time. *IDEA* states: "Special Education means specially designed
instruction, at no cost to parents, to meet the unique needs o a child with a
disability...Specially designed instruction means adapting, as appropriate to the needs of
an eligible child under this part, the content, methodology, or delivery of instruction to
address the unique needs of the child that result from the child's disability." *34 C.F.R.
Section 300.39* Bethune Academy did not provide the specialized instruction required by
his IEPs. This hearing officer concludes that the student is owed compensatory education
services for the failure to implement the student's IEPs by not providing ten hours a week
of specialized instruction since March 2006 and for not providing any specialized
instruction for the month of December 2006. Bethune Academy P.C.S denied a FAPE to
the student by failing to implement his current IEP and his last IEP.

It is hereby **ORDERED** that:

**The student is awarded three hundred and seventy-five (375) hours of compensatory
education to be provided in the form of individual tutoring. Bethune Academy
Public Charter School shall provide this individual tutoring beginning in fifteen (15)
school days from issuance of this Hearing Officer's Determination. If Bethune
Academy fails to commence the tutoring within the above time frame, Bethune**

Academy shall fund private independent tutoring. The parent is the prevailing party in this action on the compensatory education issue.

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

/Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed: April 9, 2007

Date Issued: 4\9\07

5

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MARY MCLEOD BETHUNE DAY ACADEMY PUBLIC CHARTER SCHOOL | TERRI BLAND, as next friend of T.B. T.B., individually |

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **(EXCEPT IN U.S. PLAINTIFF CASES)** | DC | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **(IN U.S. PLAINTIFF CASES ONLY)** NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|---|

| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Paul S. Dalton, Esq. Dalton & Dalton, P.C. 1008 Pendleton Street Alexandria, Virginia 22314 (703) 739-4300 (ph) | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*    OR    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Appeal from a Hearing Officer's Decision pursuant to 20 U.S.C. Sec 1400 et seq.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** ⌐‾‾‾‾‾¬ **JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form. |
|---|---|---|---|

DATE 7/6/07     SIGNATURE OF ATTORNEY OF RECORD _Paul V Watts_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.