UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY McCLEOD BETHUNE DAY ACADEMY PUBLIC CHARTER SCHOOL | : <br> : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : **CIVIL ACTION NO. 07-1223(HHK)** <br> : |
| TERRI BLAND, as next friend of the minor child, T.B., and T.B., individually, | : <br> : <br> : |
| Defendants | : <br> : |

**RULE 16.3 REPORT**

I. STATEMENT OF FACTS AND STATUTORY BASIS FOR CAUSES OF ACTION AND DEFENSES:

This is an action brought under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400, appealing a Hearing Officer's Determination issued on April 9, 2007. The Hearing Officer awarded compensatory education even though the parent's counsel did not put on any evidence to meet the standard for compensatory education set out in *Reid v. District of Columbia.* 401 F.3d 516 (D.C. Cir. 2005). The Hearing Officer also used a mathematical formula in determining the compensatory education award. The Plaintiff seeks reversal of that determination.

Pursuant to Rule 16.3, the parties conferred, and their positions are as follows:

(1) Case Tracking Category and Resolution by Summary Judgment: Based on information available the parties believe that this case can be decided by dispositive motions.

(2) Factual and Legal Issues; Joining of Additional Parties; Amendment of Pleadings:

The parties do not anticipate the need for joining or amending the pleadings. At this time, the parties do not believe that the factual and legal issues can be agreed upon or narrowed.

    (3)   Assignment to Magistrate Judge: The parties consent to the assignment of this case to a magistrate judge.

    (4)   Potential for Settlement: The parties will discuss settlement, but do not believe that a settlement is possible at this time.

    (5)   ADR Procedures: The parties are amenable to ADR.

    (6)   Motions for Summary Judgment: The parties believe this case can be decided by dispositive motions.

Plaintiff proposes the following schedule:

    (1) The administrative record to be filed by October 15, 2007.

    (2) Cross-Motions for summary judgment to be filed 45 days after the filing of the administrative record.

    (3) Oppositions to be filed 30 days after Motions for Summary Judgment are filed;

    (4) Replies to be filed 15 days after Oppositions are filed;

    (7) Rule 26(a)(1) Disclosure: The parties agree to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

    (8)   The parties do not believe discovery is necessary.

    (9)   Rule 26(a)(2): The parties do not believe there will be a need for expert witnesses.

    (10)   The instant case is not a class action.

    (11)   Bifurcation of Trial or Discovery: The parties foresee no need to bifurcate

discovery or trial.

(12)   Pre-Trial Conference Date: There is no need for a pretrial conference at this time.

(13)   Trial Date: There is no need to set a trial date at this time.

(14)   Fed. R. Civ. P. 26(f) as amended effective December 1, 2006:  The parties believe that the following items are not applicable to this case: electronically stored information, preservation of discoverable information, and assertions of privilege or of protection as trial-preparation materials.

(15)   The parties are not aware of any other matters that require inclusion in a scheduling order.

Respectfully Submitted,

/s/
Paul S. Dalton [439118]
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323
Counsel for Plaintiff

/s/
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, N.W. Suite 700
Washington, DC 20005
202-742-2000
Counsel for Defendants