## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARY McCLEOD BETHUNE DAY ACADEMY PUBLIC CHARTER SCHOOL** | : | |
| | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 07-1223(AK)** |
| | : | |
| **TERRI BLAND, as next friend of the minor child, T.B., and T.B., individually,** | : | |
| | : | |
| | : | |
| **Defendants** | : | |
| _____ | : | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, the Defendants', by and through counsels, Roxanne D. Neloms and Domiento C.R. Hill and James E. Brown & Associates, PLLC and pursuant to Local Rule 7.1 and Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for entry of summary judgment against the Plaintiffs, for the reasons that are more specifically set forth in the attached Memorandum of Points and Authorities filed contemporaneously herewith and incorporated herein by reference as though set forth in its entirety.

Wherefore, these premises considered, Plaintiffs respectfully pray that this Honorable Court grant their motion and provide, if this Honorable Court deems it necessary, an opportunity to present oral argument.

[signature page to follow]

1

Respectfully submitted,

/s/
Roxanne D. Neloms [478157]
Domiento C.R. Hill [ MD14793]
Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
Counsel for Defendants

2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARY McCLEOD BETHUNE DAY** | : | |
| **ACADEMY PUBLIC CHARTER** | : | |
| **SCHOOL** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 07-1223(AK)** |
| | : | |
| **TERRI BLAND, as next friend of the** | : | |
| **minor child, T.B., and T.B., individually,** | : | |
| | : | |
| **Defendants** | : | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾_ | : | |

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Defendants', by and through their attorneys Roxanne D. Neloms, Domiento C.R. Hill, and James E. Brown & Associates, PLLC, and in their Memorandum of Points and Authorities Submitted in Support of Their Motion for Summary Judgment, represents unto this Honorable Court as follows

### I. FACTUAL BACKGROUND

T.B., an eleven (11) year old attending Mary McLeod Bethune Day Academy (Bethune Academy), a Charter School in the District of Columbia. ***See AR at 65-73.*** An initial Individualized Educational Program ("IEP") was developed for T.B. on February 9, 2004, while T.B. attended Robert Brent Elementary ***Id.*** During the 2005/2006 school year, T.B.'s mother enrolled him at Bethune Academy and upon registration provided the school staff with a copy of his IEP. ***Id***. During that school year a psycho-educational evaluation and an occupational therapy evaluation were administered. ***Id.*** The psycho-educational evaluation revealed that T.B. had made minimal progress and his IQ scores were in the borderline range of academic

3

functioning.  *Id.*  The evaluation further revealed that T.B. was performing significantly below level in reading, language arts, written expression, math and spelling.  *Id.*  Based on these concerns counsel for the parent filed an administrative due process hearing request where, the counsel alleged that 1) Bethune Academy failed to revise T.B.'s IEP in a timely manner; 2) Bethune Academy failed to implement the IEP' from the 2004-2005 and 2005/2006 school year; 3) Bethune Academy failed to provide comprehensive evaluations; 4) Bethune Academy failed to develop an appropriate IEP at the March 2006 IEP meeting and 5) Bethune Academy failed to convene an appropriate IEP team in March 2006.  *See AR at 65-73.*  As relief counsel, among other things, sought the convening of a proper MDT/IEP meeting; evaluations, namely a vineland, a social history; a speech language, a clinical evaluation and the reservation of compensatory education.  *See AR at 71.*

At the subsequent hearings held on January 17th and March 23rd of 2007, the hearing officer the parent, educational advocate and special education coordinator/teacher provided testimony regarding the issue outlined in the complaint.  *See Tr at 1-77; 1-48.*  Based on the testimony provided by the parties the hearing officer issued two hearing officer's determinations dated January 26, 2007 and April 9, 2007 respectively.  *Id.*  T.B.'s mother testified that she had provided the school with her son's IEP when she registered him.  *See Tr at 46-74.*  Her testimony included discussions she had with the school concerning its failure to provide a special education teacher, her subsequent attendance at two invalid IEP meetings, and her observations of T.B. at school.  *Id.*  The additional hearing date in March 2007 provided testimony of Ms. Abidene, Bethune Academy' special education coordinator/teacher.  *See 2nd Tr at 18-39.*  Her testimony discussed how Bethune Academy is designed as an inclusion model and that special

4

education teacher does no direct teaching but rather provides consultation to regular education teachers. ***See 2nd Tr at 18-39.***

   The January 2007 HOD determined that T.B. did not need additional testing and therefore denied the parent's request for evaluations. ***See AR at 55.*** However, the hearing officer ordered an additional hearing date to take testimony on the issue of compensatory education. ***See AR at 56.*** More specifically the hearing officer found that counsel for Bethune Academy conceded that T.B. was entitled to compensatory education for the school's failure to provide services in accordance with his IEP. ***Id.*** In the April 2007 HOD the hearing officer opined that T.B. was entitled to 375 hours compensatory education for services that were missed. ***See AR at 25.*** The hearing officer noted that "[a] reading of the MDT notes stated the one hour of individual tutoring is to 'compensate for his additional needs' . . . .is not the same as a compensatory education award for missed services." ***See AR at 25.*** The Plaintiffs in this matter appealed the findings in the April 2007 HOD asserting that the defendant failed to meet her burden in accordance with *Reid v. Dist of Columbia*, 401 F. 3d 516 (D.C. Cir. 2005). The Plaintiff claim that the Defendant failed to present any evidence as to the actual harm of the alleged denial of FAPE. ***See Complaint filed July 2007.*** In addition, the Plaintiff further alleged that the hearing officer used a mathematical formula to determine compensatory education services and thus ignored *Reid v. Dist of Columbia*, 401 F. 3d 516 (D.C. Cir. 2005). The Defendants assert that the hearing officer's determination was based on the preponderance of the evidence and his determination was also well reasoned and sound and therefore should remain intact.

   For the reasons that follow this Court should deny the Plaintiff's motion for summary judgment and order the Plaintiffs to fund the independent tutoring ordered in the HOD.

5

## II. STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when the moving party is entitled to judgment as a matter of law and no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)*; Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Facts and inferences drawn from those facts must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, summary judgment may still be granted if evidence favoring the non-moving party is merely colorable, or is not significantly probative. *Anderson*, 477 U.S. at 249-50.

Once the movant files a proper summary judgment motion, the burden shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 250. For a non-moving party to establish that a genuine issue for trial exists, it must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co.* 475 U.S. at 586. Consequently, when neither party seeks to supplement the administrative record with additional evidence, a motion for summary judgment will operate as a motion for judgment based on the evidence of record. 20

6

U.S.C. § 1415(i)(2)(B); *Id*. at *Ramirez,* 355 F.Supp. 2d. 63 (D.D.C 2005). As there are no genuine issues of material fact, this Court should grant the Defendants' motion for summary judgment.

## III. <u>ARGUMENT</u>

In the April 9, 2007 Hearing Officer Determination, the hearing officer ordered that T.B. be:

> awarded three hundred and seventy-five hours of (375) hours of compensatory education to be provided in the form of individual tutoring. Bethune Academy Public Charter School shall provide this individual tutoring beginning in fifteen (15) school days from the issuance of this Hearing Officer's Determination. If Bethune Academy fails to commence the tutoring within the above time frame, Bethune Academy shall fund private independent tutoring. The parent is the prevailing party in this action on the compensatory education issue.

*See AR at 1-5.*

The hearing officer made findings of fact that while T.B. is a fifth grader at Bethune Academy, he is performing at a third grade level. ***See AR at 1-6.*** Furthermore, the special education coordinator testimony indicated that although T.B.'s IEP required fifteen hours of specialized instruction, T.B. only received five hours of specialized instruction. ***Id.; see also 2nd TR at 1-48.***

### A. <u>THE APRIL 2007 HOD CONTAINS REASONED AND SPECIFIC FINDINGS THAT SHOULD NOT BE REVERSED BY THIS COURT.</u>

Counsel for BAPCS asserts two points of error, specifically that the hearing officer erred in granting relief for the Defendant because the Defendant failed to meet her burden in proving that compensatory education services were warranted and that hearing officer erred in using a mathematical formula to determine compensatory education services. ***Id***

A party aggrieved by the findings and decisions rendered during the administrative due process proceedings is entitled to bring forth a civil action in either a state or federal court without regard to the amount in controversy. 20 U.S.C. § 1415 (i)(2). The reviewing court

"shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines to be appropriate."    20 U.S.C. § 1415 (i)(2); 34 C.F.R. §305.512(b)(3).   The applicable standard of review requires that "a party challenging [an] administrative determination must [shoulder] the burden of persuading the court that the hearing officer was wrong, and that a court upsetting the officer's decision must at least explain its basis for doing so."  *See Kerkam v. McKenzie*, 862 F.2d 884, (D.C. Cir. 1989) ("*Kerkam I*").  Thus, an administrative determination "without reasoned and specific findings deserves little deference." *See Kerkam v. Superintendent*, D.C. Pub. Schs., 931 F. 2d 84, 87 (D.C. Cir. 1991) ("*Kerkam II*"). In interpreting "the preponderance standard of review", the Supreme Court noted in *Rowley*, that it is not a review that equates into an "unfettered de novo review".  *See Board of Educ. Hendrick Hudson Central School Dist. Westchester County v. Rowley*, 458 U.S. at 206, 102 S. Ct. 3034; Courts must give administrative proceedings "due weight,"(*see also Simmons v. District of Columbia*, 355 F.Supp 2d. 12 (D.D.C 2004)) and [f]actual findings from administrative proceedings are considered prima facie correct." *Id.* (Quoting *S.H. v. State Operated Sch. Dist. of the City of Newark*, 336 F. 3d 260, 270 (3d Cir. 2003)).

Courts may not substitute their own views for [that] of the hearing officer, (*id.* at *Rowley* 206; *see also Argueta v. Government of the District of Columbia,* 355 F. Supp. 2d. 408 (D.D.C 2005)*; Shaw v. Dist of Columbia*, 238 F. Supp. 2d 127, 135 (D.D.C. 2002)), and a court upsetting a hearing officer's decision "must a least explain its basis for doing so." *District of Columbia v. Ramirez* , 355 F.Supp. 2d. 63 (D.D.C 2005).

Here, the hearing officer found that T.B. had been denied access to a free and appropriate education when Bethune Academy failed to implement T.B.'s current and past year IEPs.  More

8

specifically he concluded that T.B. was due compensatory education because Bethune Academy had not provided "specialized instruction since March 2006 and [. . . ]for the month of December 2006. ***See AR at 1-6.*** He then awarded T.B. three hundred and seventy-five hours of compensatory education in the form of individual tutoring. *Id*. In this matter Bethune Academy shoulders the burden of persuading the Court that the April 2007 HOD had no basis in reasoning and fact and that the hearing officer committed error when he awarded T.B. compensatory education. Thus the Court's obligation under the law is to "ensure that the relief set forth in the administrative award [is] 'appropriate'." *See Reid*, supra. The Defendants contend that the Court is unable to reverse the April 2007 HOD because the HOD is well reasoned and based on sound facts and appropriately complies with opinion set forth in *Reid*.

### B. THE HEARING OFFICER'S AWARD OF COMPENSATORY EDUCATION HOURS WAS BASED ON A FACT SPECIFIC INQUIRY THAT WAS QUALITATIVE IN NATURE.

The Plaintiff contends that T.B.'s compensatory education award violated *Reid* because 1) the parent did not satisfy her burden of demonstrating actual harm and 2) the hearing officer's award of three hundred and seventy five hours was mathematical and arbitrary. Courts have defined compensatory education awards as equitable remedies which are meant to redress the harm cause by denials of access to a free and appropriate education. Thus an award of compensatory education is to provide a child with services above and beyond what he/she would have normally received.

Since the issuance of *Reid v. Dist of Columbia*, hearing officers have somehow formulated a standard that a petitioner is required to overcome, in addition to proving a child has been denied access to a free and appropriate education, before an award of compensatory education can be provided as relief. See *Reid v. Dist of Columbia*, 401 F. 3d 516 (D.C. Cir.

9

2005).  The Plaintiff relies on such a standard, which is described as: [p]etitioner has the burden of showing that (1) that as a result of the local educational agency/state educational agency' violation of IDEA, the petitioner suffered an educational deficiency, (2) that but for the violation, the petitioner would have progressed to a certain academic level, and (3) that there exists a type and amount of compensatory education services that would bring the petitioner to the level he would have been [but] for the local educational agency/state educational agency violation.

In applying that standard, the Plaintiff's opine that even if a petitioner demonstrated that a child had been denied access to a free and appropriate education, an award of compensatory education would be prohibited because of the petitioner's failure to propose a suitable program, and/or their failure to demonstrate the level of educational harm.  Such an argument is nonsensical and clearly defeats the purpose of providing a remedy to children who have been denied access to a free and appropriate education.  The fact that a child has been denied access to a free and appropriate education presumes that a child suffered an educational deficit.  What the D.C. circuit court sought to do in *Reid*, was enunciate a standard whereby it employed the ideology that some children harmed by a school district's failure to provide access to a free and appropriate education may require more or less remedial assistance based on ***that child's*** specific and unique needs.  See *Reid v. Dist of Columbia*, 401 F. 3d 516 (D.C. Cir. 2005). The Court noted, that to the determine the amount of remedial assistance appropriate for a child, requires an undertaking of fact specific exercises of discretion, by either the district court or a hearing officer.  *Id.*   The Court noted that these ***types of inquires (exercises of discretions)***, "must be ***fact-specific*** [omit] to accomplish IDEA's purposes, [because] the ultimate award must be

10

reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." *Id.*

Here, T.B.'s compensatory education award was based on a fact specific inquiry that took into account T.B.'s specific and unique needs.  The hearing officer scheduled,  within the scope of his authority, a second administrative hearing to specifically gather facts and information regarding T.B.'s educational deficits.  *See AR at 1-6.*  He also ordered additional testing to understand T.B's current academic level.  *See 2ⁿᵈ TR at 34-35.*  Adrienne Larsen-Silva performed a Qualitative Reading Inventory (QRI-IV) on March 29, 2007 during the last quarter of T.B. fifth grade year at Bethune Academy.  *See AR at 10.*  The QRI-IV measures a student's ability to read and comprehend short passages on variety of topics.  *Id.*  T.B. apparently was administered passages on the third and fourth grade levels and "from memory, [] was able to recall 18 out 55 main points of the story.  He was able to []use the text to answer 7 out of 8 comprehension questions correctly."  *See AR at 10.*  She further added that T.B. scored at the frustration level on the fourth grade passage.  *Id.*  She indicated that she believed that T.B. approximately read on the third grade level.  *Id.*   T.B.'s report card revealed that as early as the first quarter, teachers had concerns in almost academic area.  *See AR at 28.*

The hearing officer gathered testimony from Ms. Gomar Abidene, the special education coordinator at Bethune Academy.  He questioned her about what if any plan had the MDT team members developed on T.B.'s behalf to redress their conceded failure to provide T.B. with access to a free and appropriate education.  *See 2ⁿᵈ TR at 11-48.*  Her testimony uncovered that while T.B.'s past and current IEP's called for fifteen hours of specialized instruction, he had not received those hours as indicated because on several occasions there was no special education teacher available to provide services.  *Id.*  She explained that Bethune Academy utilized an

inclusion model where the special education teacher only consulted with the regular education teacher and at no time provided direct services to special education students. *Id.* The hearing officer explained that this model clearly supported the parent's contention that both 04/05 and 05/06 IEPs were not being implemented. *Id*. In his decision he noted that the December 2006 IEP showed that T.B. was "at 2.5-3rd grade equivalence on reading comprehension, reading basic, written expression and math reasoning based on testing data. . ." ***See AR at 4***. He specifically noted the following:

> "[t]he special education coordinator testified that the student only receives five hours a week of specialized instruction I reading from the special education teacher in one-on-one tutoring. The student does not receive any other specialized instruction by a special education teacher even though his IEP calls for 15 hours a week of specialized instruction. The general education teacher provides instruction in math and written expression to the general educate class including this student, There was no special education teacher providing services to this student in December 2006. There are 12-15 special education students at Bethune in five different grades with one special education teacher providing direct instruction to these students.

*Id*.

The hearing officer's award of compensatory education was based on information gathered through testimony and evaluation data. This award focused on T.B.'s individualized needs and furthered compensated him for Bethune Academy's past violations of IDEIA. The "fact specific inquiry" is the discretion of the hearing officer and was a valid exercise of such. There is no basis to reverse the April 2007 HOD. The hearing officer's award of compensatory services were not derivative of mathematical calculations and were more importantly reasonably calculated to provide T.B. with educational benefit.

12

## V. <u>CONCLUSION</u>

Wherefore, the Defendants pray that this Court respectfully grant the Defendants' Motion for Summary Judgment and deny the Plaintiff's Motion for Summary Judgment.  The Defendants request that the Plaintiffs be ordered to immediately comply with the award of compensatory education services in the April 2007 HOD so as to not further harm T.B. and the Defendants' further request that the Court confer prevailing party status and award fees at the administrative level and in connection with the defense of this suit.

Respectfully submitted,

_____/s/_____
Roxanne D. Neloms [478157]
Domiento C.R. Hill [ MD14793]
Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
Counsel for Defendants

13

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARY McCLEOD BETHUNE DAY** | : |
| **ACADEMY PUBLIC CHARTER** | : |
| **SCHOOL** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : **CIVIL ACTION NO. 07-1223(AK)** |
| | : |
| **TERRI BLAND, as next friend of the** | : |
| **minor child, T.B., and T.B., individually,** | : |
| | : |
| **Defendants.** | : |
| ─────────────────────────────── | : |

### DEFENDANTS' STATEMENT OF MATERIAL FACTS.

1.    T.B., an eleven (11) year old attending Mary McLeod Bethune Day Academy (Bethune Academy), a Charter School in the District of Columbia. ***See AR at 65-73.***

2.    An initial Individualized Educational Program ("IEP") was developed for T.B. on February 9, 2004, while T.B. attended  Robert Brent Elementary ***Id.***

3.    During the 2005/2006 school year, T.B.'s mother enrolled him at Bethune Academy and upon registration provided the school staff with a copy of his IEP. ***Id***.

4.    During that school year a psycho-educational evaluation and an occupational therapy evaluation were administered.  ***Id.***

5.    The psycho-educational evaluation revealed that T.B. had made minimal progress and his IQ scores were in the borderline range of academic functioning.  ***Id.***

1

6.      The evaluation further revealed that T.B. was performing significantly below level in reading, language arts, written expression, math and spelling. ***Id.***

7.      Based on these concerns counsel for the parent filed an administrative due process hearing request where, the counsel alleged that 1)Bethune Academy failed to revise T.B.'s IEP in a timely manner; 2) Bethune Academy failed to implement the IEP' from the 2004-2005 and 2005/2006 school year; 3)Bethune Academy failed to provide comprehensive evaluations; 4) Bethune Academy failed to develop an appropriate IEP at the March 2006 IEP meeting and 5) Bethune Academy failed to convene an appropriate IEP team in March 2006. ***See AR at 65-73.***

8.      As relief counsel, among other things, sought the convening of a proper MDT/IEP meeting; evaluations, namely an adaptive Vineland, a social history; a speech language, and a clinical evaluation.  She also sought to reserve compensatory education. ***See AR at 71.***

9.      At the subsequent hearings held on January 17th and March 23rd of 2007,  the parent, educational advocate and special education coordinator/teacher provided testimony regarding the issues outlined in the complaint. ***See Tr at 1-77; 1-48.***

10.     Based on the testimony provided by the parties the hearing officer issued two hearing officer's determinations dated January 26, 2007 and April 9, 2007 respectively*.* ***Id.***

11.     T.B.'s mother testified that she had provided the school with her son's IEP when she registered him. ***See Tr at 46-74.***

12.    Her testimony included discussions she had with the school concerning its failure to provide a special education teacher, her subsequent attendance at two invalid IEP meetings, and her observations of T.B. at school.  ***Id.***

13.    The additional hearing date in March 2007 provided testimony of Ms. Abidene, Bethune Academy' special education coordinator/teacher.  ***See 2ⁿᵈ Tr at 18-39.***

14.    Her testimony discussed how Bethune Academy followed an inclusion model where the special education teacher provides consultation rather than direct teaching to special education students.  ***See 2ⁿᵈ Tr at 18-39.***

15.    The January 2007 HOD determined that T.B. did not need additional testing and therefore denied the parent's request for evaluations.  ***See AR at 55.***

16.    However, the hearing officer ordered an additional hearing date to take testimony on the issue of compensatory education.  ***See AR at 56.***

17.    More specifically the hearing officer found that counsel for Bethune Academy conceded that T.B. was entitled to compensatory education for the school's failure to provide services in accordance with his IEP.  ***Id.***

18.    In the April 2007 HOD the hearing officer opined that T.B. was entitled to 375 hours compensatory education for services that were missed.  ***See AR at 25.***

19.    The hearing officer noted that "[a] reading of the MDT notes stated the one hour of individual tutoring is to 'compensate for his additional needs' . . . .is not the same as a compensatory education award for missed services."  ***See AR at 25.***

20.    The Plaintiffs in this matter appealed the findings in the April 2007 HOD asserting that the Defendants failed to meet their burden in accordance with *Reid v. Dist of Columbia*, 401 F. 3d 516 (D.C. Cir. 2005).

3

21.    The Plaintiff claimed that the Defendants failed to present any evidence as to the

actual harm of the alleged denial of FAPE.  ***See Complaint filed July 2007.***

Respectfully submitted,
/s/
Roxanne D. Neloms [478157]
Domiento C.R. Hill [ MD14793]
Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
Counsel for Defendants

4