**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARY MCLEOD BETHUNE DAY ACADEMY | : |
| PUBLIC CHARTER SCHOOL | : |
| 253 42nd Street, NE | : |
| Washington, D.C. 20019 | : |
| | : |
| Plaintiff | : |
| | : |
| v. | :    **CIVIL ACTION NO.** 1:07-01223 |
| | :                         (AK) |
| TERRI BLAND, | : |
| as next friend of the minor child, T.B. | : |
| and T.B., individually | : |
| 5412 C Street, SE | : |
| Washington, D.C. 20019 | : |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Plaintiff, by and through undersigned counsel, and requests that this

honorable Court grant a summary judgment pursuant to Federal Rule of Civil Procedure 56 (c),

finding that Hearing Officer Seymour DuBow erred in his April 9, 2007 Hearing Officer's

Determination ("HOD"), when he determined that the parent was the prevailing party on the

issue of compensatory education and awarded the student three hundred and seventy-five (375)

hours of compensatory education in the form of one to one tutoring.  In support of its Motion and

pursuant to Local Rules 7(a),(c), and (h), the Plaintiff submits its Memorandum of Points and

Authorities in Support of its Motion for Summary Judgement, a Statement of Material Facts as to

which there is no Genuine Issue, and a proposed Order.

Respectfully submitted,

_____/s/_____

Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street

Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MARY MCLEOD BETHUNE DAY ACADEMY      :
PUBLIC CHARTER SCHOOL                :
253 42nd Street, NE                  :
Washington, D.C. 20019               :
                                     :
            Plaintiff                :
                                     :
        v.                           :      **CIVIL ACTION NO.** 1:07-01223
                                     :                        (AK)
TERRI BLAND,                         :
as next friend of the minor child, T.B.   :
and T.B., individually               :
5412 C Street, SE                    :
Washington, D.C. 20019               :

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Plaintiff, by and through undersigned counsel, and requests that this

honorable Court grant a summary judgment pursuant to Federal Rule of Civil Procedure 56(c),

finding that Hearing Officer Seymour DuBow erred in his April 9, 2007 Hearing Officer's

Determination ("HOD"), when he determined that the parent was the prevailing party on the

issue of compensatory education and awarded the student three hundred and seventy-five (375)

hours of compensatory education in the form of one to one tutoring.

**FACTUAL BACKGROUND**

The defendant, T.B., is a twelve year-old, special education student who currently attends

Mary McLeod Bethune Day Academy Public Charter School ("MMB") as a fifth grader.   The

parent of  T.B. filed a due process complaint October 31, 2006   AR- 311.  MMB convened a

resolution meeting in response to the complaint on November 15, 2006.  AR-272.   At the

resolution meeting, the parties agreed that new evaluations would be performed and that another

meeting would be convened to discuss what needed to be put into place for TB's educational

needs.  AR-272.  Subsequently, on December 11, 2006 MMB convened a MDT meeting and

agreed to provide one-on-one tutoring for the student for one hour per week to compensate for

any missed services in the past.  AR-288.   The parent and her advocate were in agreement with

the one-on-one tutoring, which was then written into the IEP.  AR-289.  The parties left the

resolution meeting with the understanding that the complaint was resolved.  However, when

counsel for MMB tried to contact counsel for the student regarding withdrawing the hearing

request on several occasions, counsel for MMB did not get a response.  AR-321; AR-322; AR-

323; AR-324; AR-325.  It was not until January 9, 2007, that counsel for the student informed

counsel for MMB that they were not in agreement with the IEP and that they intended to proceed

to hearing.  AR-241   This was the first time the parent expressed any disagreement with the

compensatory education plan offered by MMB.  The hearing convened on January 17, 2007 and

the parent presented her case.  TR-January 17, 2007 pg 1.   The only witnesses to testify were the

parent and her advocate.  The advocate admitted to having received the emails from Counsel for

MMB and admitted that he did not respond to the emails.  AR-41.  At the close of the parent's

case in chief, MMB made a motion for directed finding that the parent failed to meet her burden.

AR- 77.  The case recessed for the hearing officer to decide the motion.  AR-77.  On January 26,

2007, the hearing officer issued a Hearing Officer's Determination granting the directed verdict

motion on the evaluation issue in favor of MMB  but, denied it on the compensatory education

issue and schedule a second due process hearing to hear evidence regarding MMB's defense as to

the issue of compensatory education.

The due process hearing reconvened on March 23, 2007.  TR-March 23, 2007 pg 1.

The hearing officer clarified the issue before him as not whether the child was entitled to compensatory education but rather how much as he stated that MMB had already conceded the child was entitled to compensatory education.  MMB presented a clinical psychologist, Dr. Richard Fleitas to testify regarding the issues that were discussed at the December 15, 2006 MDT meeting.  Dr. Fleitas testified that the purpose of the individual tutoring that was discussed at the meeting was not as part of his regular IEP but instead to "catch him up".  TR-March 23, 2007 Pg 7.  Dr. Fleitas further testified that the entire team including the parent were in agreement with the IEP and the tutoring being offered.  MMB presented a second witness to testify on the issue of whether the parent had previously agreed prior to the hearing as part of the Resolution Meeting that all issues were resolved.  Ms. Abedin, the Special Education Coordinator at MMB testified that one to one tutoring, specifically to the extent agreed to be provided to TB,  is not something that is typically added to an IEP.  TR- March 23, 2007 Pg 16.  Ms. Abedin further testified that she subsequently emailed the advocate to make sure the case was complete and never heard back from him.   TR- March 23, 2007 Pg 17.  On cross examination, the Parent's attorney asked the witness if the school ever developed a plan that set forth the compensatory education the student was to receive.  The witness, Ms. Abedin, responded that it was her understanding at the meeting that they were compensating the student for what the parent and the parent's advocate were raising as the compensatory education the student required.  TR- March 23, 2007 Pg 18.    At the end of the second hearing held of March 23, 2007, the hearing officer requested that MMB provide him with T.B.'s  current reading level and he would determine the compensatory education needed.  TR- March 23, 2007 Pg 41.  On March 30, 2007, MMB filed Respondent's Praecipe and Supplemental Disclosure with one exhibit, MM-14 (Results of

Educational Testing 3/29/07).  AR-7.  The testing revealed that the student was reading on

approximately a third grade level.  AR-10.

On April 9, 2007, an administrative hearing officer issued an Order determining that the

parent was the prevailing party on the issue of compensatory education and awarded the student

three hundred and seventy-five (375) hours of compensatory education in the form of one to one

tutoring.  AR -2.  As stated previously, the Parent failed to prove what services were necessary to

put T.B. in the position he would have been in but for the violation.  MMB offered to provide

compensatory education in the form of one to one tutoring in reading 5 hours a week during the

time that his current IEP was in effect.  AR- 16.   The hearing officer's determination did not

specify in his Order how he arrived at an award of  three hundred and seventy-five (375) hours .

AR-2.

## ARGUMENT

### The Court should Grant Summary Judgment and Reverse the HOD

**A**.     **Standard of Review**

The party seeking summary judgment has the initial responsibility of demonstrating the

absence of a genuine dispute of material facts through the pleadings, depositions, answers to

interrogatories, admissions on file, and in this case the administrative record. *Celortex Corp*

*v.Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56.  The nonmoving party must then "go

beyond the pleadings and by [its] own affidavits, or by 'depositions, answers to interrogatories,

and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"

*See Celortex* at 324.  In the instant case, the facts are clear when reviewing the administrative

record.

The issues in this case are legal in nature because the underlying factual issues are undisputed. The issues in this case are whether the hearing officer erred when he determined that the parent met their burden of proof on the issue of the amount of compensatory education required to be provided to T.B.  The evidence regarding the issues is clear and the facts surrounding them are undisputed in the record which makes this case appropriate for a summary judgment.

B.      **The hearing officer erred in granting relief for the defendant after she failed to meet her burden in proving compensatory education was warranted in accordance with the standard set out in *Reid v. District of Columbia*, 401 F.3d 516 (D.C. Cir. 2005).**

Pursuant to *Reid*, "the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place" *Id.* at 524.  At the administrative hearing, the defendant failed to present any evidence as to the actual harm of the denial of FAPE by MMB or that T.B. would have progressed to a certain academic level but for the violation.  Additionally, the defendant failed to present any competent evidence of a program that could place T.B. in the position he would have been in but for the violation.  Consequently, the hearing officer requested that MMB provide him with T.B.'s current level of reading and he determined that the student was entitled to three hundred and seventy-five (375)  hours without any specific facts or qualified expert testimony as to the amount of educational harm suffered by T.B. as a result of the denial of FAPE by MMB and what would be required to place T.B. in a position that he would have been in but for the violations by MMB.  In so doing, the hearing officer focused on a quantitative rather

that qualitative remedy, a method specifically discouraged in *Reid. Id.* An award of

compensatory education must be fact specific and based on evidence of the student's specific

deficits and what it would take to place him in the position he would have been in but for the

violation. The Court in *Reid, Id.* held that an award of compensatory education cannot be

determined by a cookie cutter approach and what would be required to bring one student up to the

level she/he should have been is not necessarily what would be required of another student. At

the due process hearing the defendant offered no evidence of the actual educational harm suffered

by T.B. due to the denial of FAPE by MMB nor did she establish the requisite facts necessary to

propose a program that would address any deficits. The defendant did testify that she had T.B.

evaluated at Sylvan Learning Center and that they had advised that he needed 102 hours in

reading as well as math and that they would re-evaluate him after that to see whether he needed

additional hours. TR-January 17, 2007 Pg 54. The defendant received this information sometime

after October 2007. TR-January 17, 2007 Pg 51.

In the instant case, there was no evidence that linked T.B's current level of academic

functioning to the period of time of the denial of FAPE by MMB. T.B. only attended MMB for

the 2005/2006 and 2006/2007 school years. TR-January 17, 2007 Pg 45. Prior to the 2005/2006

school year, T.B. attended school at God's Universal church. Prior to that, T.B. attended Robert

Britt Elementary, a DCPS school. AR- 45  He was in the beginning of his 2nd year at MMB at

the time that the 10/31/06 Due Process Complaint was filed. AR-319. The evidence in the record

establishes that when T.B. entered MMB he was already behind approximately two years. T. B.

entered MMB during the school year 2005/2006 as a 4th grade student. TR-January 17, 2007 Pg.

45. The Psycho-Educational Evaluation conducted in November 2005 shortly after T.B. began at

MMB established that he was in the 4th grade reading at a 1st grade level.  Word reading was a 1st grade 9th month level; Reading Comprehension was a 1st grade 5th month level and Pseudoword decoding was a 1st grade 7th month level.  AR- 253, 256. Testing performed in March 2007 (during the 2006/2007 school year) AR-10 revealed that T.B. was reading at approximately a 3rd grade level.  The documented testing in the record establishes that T.B. made educational progress while he attended MMB and that he was already two years behind academically when he began MMB.  More illuminating of the problem with the Hearing Officer basing his compensatory education award on the fact that T.B. was two grade levels behind is the fact that between 2003 and 2005 T.B. made little, if any, progress.  During this time T.B. was not at MMB but was instead enrolled in a private religious school and a DCPS school.  AR-132.

Testing performed prior to T. B. entering MMB revealed the following

**2003 Psycho-Educational**    AR-132;135          **2005 Psycho-Educational** AR-253:256

Word Reading 1:9                                   Word Reading 1:9

Reading Comprehension <1:0                          Reading Comprehension 1:5

Word Decoding 1:6                                   Pseudoword Decoding 1:7

In the two years between this testing at a time when T.B. did not attend MMB nor was MMB responsible for the provision of FAPE, T.B. made minimal if any progress and was at least two years behind his grade level in the 2005 testing.  The 2007 testing conducted by a qualified special education teacher revealed that T.B. was reading on approximately the third grade level. T.B. made approximately 1 ½ years growth in approximately 1 ½ years time in two of the three areas and approximately 1 years growing in the other area.  This demonstrates that T.B. made far better progress during the time he was enrolled at MMB than he did in the years prior to entering

MMB.  Without qualified expert testimony as to the effect if any of the denial of FAPE by MMB, the defendant cannot sustain her burden of proof that MMB is responsible for the student's academic lag.

Without any proof of the effect of the denial of FAPE by MMB on the student's academic progress, the Hearing Officer erred when found the parent had met her burden of proof.  The Hearing Officer further erred in considering the two year academic delay in calculating the compensatory education award.  This is because he did not take into account what effect if any the denial of FAPE by MMB had on T.B.'s educational progress or the fact that T.B. was already two years behind academically when he started at MMB.

**C.    The Hearing Officer erred in using a mathematical formula to determine compensatory services thereby ignoring *Reid v. District of Columbia.* 401 F.3d 516 (D.C. Cir. 2005).**

In order to prevail on the issue of compensatory education their must be a showing that there was an educational harm suffered by the student.  Additionally, there must be evidence that establishes a causal relationship between the denial of FAPE and the educational deficit. *Reid. Id.* Finally, in order for the defendant to meet her burden, she must prove what it would take to place the T.B. in the position he would have been in but for the denial of services.  The defendant failed to present any evidence on what type of services were required to place the student in the position he would have been in but for the denial with the exception of the testimony from defendant that Sylvan Learning Center evaluated him and thought he needed 102 hours.  There was no causal connection between these hours and any harm caused by MMB.  There was no other testimony on

which the hearing officer could base his decision that the student was in need of three hundred and seventy-five hours of one to one tutoring.  Based on the testimony or lack thereof, the hearing officer was not in a position to determine what it would take to place T.B. in the position he would have been in but for the denial of FAPE by MMB.  In his decision, the hearing officer apparently calculated the number of service hours allegedly missed by the student and then came up with the number of 375 hours of tutoring as compensatory education.  The hearing officer's award of 375 hours was arbitrary and not factually based, in violation of *Reid.*   Moreover, there was no testimony or evidence that services in the form of one to one tutoring as opposed to a specific reading program would provide any benefit to T.B. or place him in the position he should have been in but for the denial of FAPE.

---

## CONCLUSION

Based on the arguments above the Plaintiff requests that this Court issue a Summary Judgment for the Plaintiff and against the Defendants and reverse the April 9, 2007 Hearing Officer's Decision.

Respectfully submitted,

_____/s/_____

Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

9

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 3rd day of December, 2007.

_____/s/_____

Paul S. Dalton, Esq.
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MARY MCLEOD BETHUNE DAY ACADEMY   :
PUBLIC CHARTER SCHOOL               :
253 42nd Street, NE                    :
Washington, D.C. 20019             :
                                     :
        Plaintiff             :
                                     :
        v.                 :     **CIVIL ACTION NO.** 1:07-01223
                                     :              (HHK)
TERRI BLAND,                  :
as next friend of the minor child, T.B.    :
and T.B., individually             :
5412 C Street, SE                :
Washington, D.C. 20019             :
                                     :

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Fed .R. Civ. P. Rule 56 and LCvR 7 (h), the Plaintiff hereby submits the

following Statement of Material Facts to which there is no genuine issue:

1.      The defendant, T.B., is a twelve year-old, special education student who currently attends

        Mary McLeod Bethune Day Academy Public Charter School ("MMB") as a fifth grader.

        ANS ¶4.

2.      The parent of  T.B. filed a due process complaint on October 31, 2006 against MMB

        alleging, *inter alia*, that MMB failed to convene an IEP meeting in a timely manner,

        failed to comprehensively evaluate the student, and failed to develop an appropriate IEP.

        ANS ¶ 7.

3.      The due process hearing convened on January 17, 2007 and the parent presented her case.

        The only witness to testify were the parent and her advocate.  ANS ¶ 13.

4.    At the close of the parent's case in chief, MMB made a motion for directed finding that

      the parent failed to meet her burden.  The case recessed for the hearing officer to decide

      the motion.  ANS ¶14

5.    On January 26, 2007, the hearing officer issued a decision granting, in part, MMB's

      motion for directed finding.  The hearing officer held that the parent failed to meet her

      burden of proof and that further evaluations were not warranted.  ANS ¶ 15

6.    The hearing officer denied the motion for directed finding with regard to the issue of

      compensatory education and ordered the hearing to reconvene for MMB to present its

      defense.  ANS ¶ 16.

7.    On February 6, 2007, MMB submitted a motion for reconsideration since the parent

      failed to present any evidence in her case in chief that compensatory education was

      warranted.  The hearing officer denied this motion.  ANS ¶ 17.

8.    On March 23, 2007 the hearing reconvened for MMB to present its defense.  Unable to

      make a ruling based on the information in the record, the hearing officer ordered MMB to

      submit additional documentation regarding the student's progress.  Accordingly, on April

      3, 2007 MMB submitted to the hearing officer, with a copy to parent's counsel,

      information regarding the student's standardized reading test scores.  AR 55, 56 and AR

      7-10.

9.    On April 9, 2007, the hearing officer issued his final decision and ordered MMB to fund

      375 hours of compensatory education.  ANS¶ 19.

10.   When MMB received the April  9, 2007 HOD, it promptly filed an appeal with this

      Court.

Respectfully submitted,

/s/

Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MARY MCLEOD BETHUNE DAY ACADEMY    :
PUBLIC CHARTER SCHOOL                              :
253 42nd Street, NE                                          :
Washington, D.C. 20019                                   :
                                                                          :
        Plaintiff                                       :
                                                                          :
        v.                                               :        **CIVIL ACTION NO.** 1:07-1223
                                                                          :                              (AK)
TERRI BLAND,                                               :
as next friend of the minor child, T.B.            :
and T.B., individually                                    :
5412 C Street, SE                                           :
Washington, D.C. 20019                                 :

## ORDER

     Upon consideration of the Plaintiff's Motion for Summary Judgment, and any opposition

thereto, it is hereby

     ORDERED: that Plaintiff's Motion for Summary Judgment is GRANTED;

     FURTHER ORDERED: the April 9, 2007 Hearing Officer's Determination is reversed.


_____                              _____
Date                                                      Alan Kay
                                                             United States Magistrate Judge