UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY MCLEOD BETHUNE　　　　　　:
DAY ACADEMY PUBLIC　　　　　　　:
CHARTER SCHOOL　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　Plaintiff　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　　　: Civil Action No.  07-1223 ( AK)
　　　　　　　　　　　　　　　　　　　:
TERRI BLAND et al.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　Defendant.　　　　　　　　　　　　:
_____  :

### REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The plaintiff, through undersigned counsel, submits its reply to defendant's opposition to Mary McLeod Bethune Day Academy PCS'(Bethune) Motion for Summary Judgment and respectfully requests this Court to grant a summary judgment pursuant to Federal Rule of Civil Procedure 56 (c), finding that the Hearing Officer erred in his April 9, 2007, Hearing Officer's Determination.

### ARGUMENT

### The Court Should Grant Plaintiff's Summary Judgment Motion and Reverse the HOD.

In Defendant's Opposition to Plaintiff's Motion for Summary Judgment counsel takes great care to again recite various aspects of alleged failures of the Plaintiff, for example, to revise this student's IEP in a timely manner, failure to develop an appropriate IEP at the March 2006 IEP meeting, failure to comprehensively evaluate the student, etc.  At no time during the listing of these alleged failures did counsel

address the fact that the Plaintiff provided individual tutoring as a form of compensatory education to address the issues raised by the Defendant.  Counsel's only reference was to a comment made by the Hearing Officer that "[a] reading of the MDT notes state the hour of individual tutoring is to 'compensate for his additional needs'.... is not the same as a compensatory education award for missed services." AR at 25.

    This is the same Hearing Officer who failed to address the student's lack of progress during the two years previous to his attendance at Bethune.  A Hearing Officer who also failed to take into account the demonstrated testing which confirmed this lack of progress and the confirmed progress made while the student was at Bethune.[1]  Finally this is the same H.O. who mechanically applied the number of hours of services

---

[1] Testing performed prior to T. B. entering MMB revealed the following

| 2003 Psycho-Educational    AR-132;135 | 2005 Psycho-Educational AR-253:256 |
|---|---|
| Word Reading 1:9 | Word Reading 1:9 |
| Reading Comprehension <1:0 | Reading Comprehension 1:5 |
| Word Decoding 1:6 | Pseudoword Decoding 1:7 |

    In the two years between this testing at a time when T.B. did not attend MMB nor was MMB responsible for the provision of FAPE, T.B. made minimal if any progress and was at least two years behind his grade level in the 2005 testing.  The 2007 testing conducted by a qualified special education teacher revealed that T.B. was reading on approximately the third grade level. T.B. made approximately 1 ½ years growth in approximately 1 ½ years time in two of the three areas and approximately 1 years growth in the other area.  This demonstrates that T.B. made far better progress during the time he was enrolled at MMB than he did in the years prior to entering MMB.  Without qualified expert testimony as to the effect if any of the denial of FAPE by MMB, the defendant cannot sustain her burden of proof that MMB is responsible for the student's academic lag.

    Without any proof of the effect of the denial of FAPE by MMB on the student's academic progress, the Hearing Officer erred when he found the parent had met her burden of proof.  The Hearing Officer further erred in considering the two year academic delay in calculating the compensatory education award.  This is because he did not take into account what effect if any the denial of FAPE by MMB had on T.B.'s educational progress or the fact that T.B. was already two years behind academically when he started at MMB.

in the student's IEP to the time the student was at Bethune and calculated that the student was entitled to 375 hours of tutoring. Not lost on the Plaintiff was the fact that the Hearing Officer used the same service, tutoring, as his compensatory education award, yet criticized Bethune for developing the same solution.

The problem with the approach of the Hearing Officer is that it was a mechanical approach, violating the holdings in *Reed v. Dist of Columbia,* 401F. 3d 516 (D.C. Cir. 2005), and was devoid of any showing that there was an educational harm suffered by the student. Additionally, there must be evidence that establishes a causal relationship between the denial of FAPE and the educational deficit. *Reid. Id.* Finally, in order for the defendant to meet her burden, she must prove what it would take to place the T.B. in the position he would have been in but for the denial of services. The defendant failed to present any evidence on what type of services were required to place the student in the position he would have been in but for the denial with the exception of the testimony from the defendant that Sylvan Learning Center evaluated him and thought he needed 102 hours. There was no causal connection between these hours and any harm caused by MMB.

There was no other testimony on which the hearing officer could base his decision that the student was in need of three hundred and seventy-five hours of one to one tutoring. Based on the testimony or lack thereof, the hearing officer was not in a position to determine what it would take to place T.B. in the position he would have been in but for the denial of FAPE by MMB. In his decision, the hearing officer apparently calculated the number of service hours allegedly missed by the student and then came up with the number of 375 hours of tutoring as compensatory education.

The hearing officer's award of 375 hours was arbitrary and not factually based, in violation of *Reid*. Moreover, there was no testimony or evidence that services in the form of one to one tutoring as opposed to a specific reading program would provide any benefit to T.B. or place him in the position he should have been in but for the denial of FAPE. Lastly, and most important, is the fact that the evidence in this case clearly demonstrates that T.B. did not suffer any educational harm as a result of any alleged violations by MMB.

## CONCLUSION

Based on the arguments above, Plaintiff requests that this Court issue a Summary Judgment for the Plaintiff and against the Defendant and reverse the April 9, 2007, Hearing Officer's Decision.

Respectfully submitted,
/s/
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 17th day of January, 2008.

/s/
Paul S. Dalton, Esq.
Counsel for Plaintiff