UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY MCLEOD BETHUNE :
DAY ACADEMY PUBLIC :
CHARTER SCHOOL :
 :
    Plaintiff :
 :
        v. : **Civil Action No. 07-1223( AK)**
 :
TERRI BLAND et al. :
 :
    Defendant. :
_____ :

### PLAINTIFF'S SUPPLEMENTAL BRIEF

COMES NOW, the Plaintiff, by and through undersigned counsel and pursuant to this Court's Order dated March 27, 2008, permitting the parties the right to file a supplemental brief addressing Count II of Plaintiff's Complaint and the Hearing Officer's justification for awarding 375 hours of compensatory education hereby files its supplemental brief addressing the aforementioned issues.

Count II of Plaintiff's Complaint alleged that the Hearing Officer's award of compensatory education was in violation of *Reid v. District of Columbia,* 401F.3d 516 (D.C.Cir.2005) because the award was based on a mathematical formula and because it was arbitrary and not factually based. In light of this Court's order of February 20, 2008, the case was remanded to the hearing for a further explanation of the compensatory education award in this case.

In an apparent attempt to quickly address the allegation that the compensatory education award was not fact based the Hearing Officer in his explanation of his award of compensatory education stated the following:

"I first made a fact specific inquiry to determine the student's <u>current</u> level

>of educational performance and prospective individual needs to determine the amount of compensatory education." (emphasis added)

This statement was followed up by the following statement:

>"At the conclusion of the hearing I requested additional information on the student's current reading level which was provided with the results of a Qualitative Reading Inventory." (emphasis added)

Which was followed by a finding that based on current information the student was two years below grade level and solely on that basis an award of compensatory education was justified. Nowhere in the Hearing's Officer's explanation of his award did he address the past academic history of the student and the impact that history had on the student's current academic levels at the time of the Due Process Hearing on March 23, 2007. The Statement by the Hearing Officer that "..the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place," *Id* at 524, is not curative, if the analysis behind the statement is flawed.

In the instant case, there was no evidence that linked T.B's current level of academic functioning to the period of time of the denial of FAPE by MMB. T.B. only attended MMB for the 2005/2006 and 2006/2007 school years. TR-January 17, 2007 Pg 45. Prior to the 2005/2006 school year, T.B. attended school at God's Universal church. Prior to that, T.B. attended Robert Britt Elementary, a DCPS school. AR- 45 He was in the beginning of his 2nd year at MMB at the time that the 10/31/06 Due Process Complaint was filed. AR-319. The evidence in the record establishes that when T.B. entered MMB he was already behind approximately two years. T. B. entered MMB during the school year 2005/2006 as a 4th grade student. TR-January 17, 2007 Pg. 45. The Psycho-Educational Evaluation conducted in November 2005 shortly after

T.B. began at MMB established that he was in the 4th grade reading at a 1st grade level. Word reading was a 1st grade 9th month level; Reading Comprehension was a 1st grade 5th month level and Pseudoword decoding was a 1st grade 7th month level. AR- 253, 256. Testing performed in March 2007 (during the 2006/2007 school year) AR-10 revealed that T.B. was reading at approximately a 3rd grade level. The documented testing in the record establishes that T.B. made educational progress while he attended MMB and that he was already two years behind academically when he began MMB. More illuminating of the problem with the Hearing Officer basing his compensatory education award on the fact that T.B. was two grade levels behind is the fact that between 2003 and 2005, the time period prior to when T.B. attended MMB, T.B. made little, if any, progress. During this time T.B. was enrolled in a private religious school and a DCPS school. AR-132.

Testing in 2003 and 2005, prior to T. B. entering MMB revealed:

| **2003 Psycho-Educational** AR-132;135 | **2005 Psycho-Educational** AR-253:256 |
|---|---|
| Word Reading 1:9 | Word Reading 1:9 |
| Reading Comprehension <1:0 | Reading Comprehension 1:5 |
| Word Decoding 1:6 | Pseudoword Decoding 1:7 |

In the two years between 2003 and 2005, when T.B. did not attend MMB nor was MMB responsible for the provision of FAPE, T.B. made minimal, if any progress and was at least two years behind his grade level in the 2005 testing. The 2007 testing conducted by a qualified special education teacher revealed that T.B. was reading on approximately the third grade level. T.B. made approximately 1 ½ years growth in approximately 1 ½ years time in two of the three areas and approximately 1 years

growing in the other area. This demonstrates that T.B. made far better progress during the time he was enrolled at MMB than he did in the years prior to entering MMB. Without qualified expert testimony as to the effect if any of the denial of FAPE by MMB, during the period of time that the defendant attended MMB and the educational benefits that likely would have accrued from special education services MMB should have supplied in the first place, the defendant cannot sustain her burden of proof that MMB is responsible for the student's academic lag.

Without any proof of the effect of the denial of FAPE by MMB on the student's academic progress, the Hearing Officer erred when he found the parent had met her burden of proof. The Hearing Officer further erred in considering the two year academic delay in calculating the compensatory education award. This is because he did not take into account what effect if any the denial of FAPE by MMB had on T.B.'s educational progress or the fact that T.B. was already two years behind academically when he started at MMB.

In order to prevail on the issue of compensatory education their must be a showing that there was an educational harm suffered by the student. Additionally, there must be evidence that establishes a causal relationship between the denial of FAPE and the educational deficit. *Reid. Id.* Finally, in order for the defendant to meet her burden, she must prove what it would take to place the T.B. in the position he would have been in but for the denial of services. The defendant failed to present any evidence on what type of services were required to place the student in the position he would have been in but for the denial with the exception of the testimony from defendant that Sylvan Learning Center evaluated him and thought he needed 102

hours. There was no causal connection between these hours and any harm caused by MMB. There was no other testimony on which the hearing officer could base his decision that the student was in need of three hundred and seventy-five hours of one to one tutoring. Based on the testimony or lack thereof, the hearing officer was not in a position to determine what it would take to place T.B. in the position he would have been in but for the denial of FAPE by MMB. In his decision, the hearing officer apparently calculated the number of service hours allegedly missed by the student and then came up with the number of 375 hours of tutoring as compensatory education. The hearing officer's award of 375 hours was arbitrary and not factually based, in violation of *Reid*. Moreover, there was no testimony or evidence that services in the form of one to one tutoring as opposed to a specific reading program would provide any benefit to T.B. or place him in the position he should have been in but for the denial of FAPE.

## CONCLUSION

Based on the arguments above the Plaintiff requests that this Court issue a Summary Judgment for the Plaintiff and against the Defendants on Count II of the Plaintiff's Complaint and reverse the April 9, 2007 Hearing Officer's Decision.

Respectfully submitted,

/s/
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 28th day of April, 2008.

_____/s/_____
Paul S. Dalton, Esq.
Counsel for Plaintiff
