UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY McCLEOD BETHUNE DAY ACADEMY PUBLIC CHARTER SCHOOL** | :<br>:<br>:<br>: |
| **Plaintiff,** | :<br>: |
| v. | : CIVIL ACTION NO. 07-1223(AK)<br>: |
| **TERRI BLAND, as next friend of the minor child, T.B., and T.B., individually,** | :<br>:<br>: |
| **Defendants.** | :<br>: |

**DEFENDANTS' SUPPLEMENTARY BRIEF**

    **COMES NOW**, the Defendants, by and through counsels, Roxanne D. Neloms and Domiento C.R. Hill and James E. Brown & Associates, PLLC and pursuant to the Court's Order requiring the parties to submit supplementary brief addressing Count 2 of Plaintiffs Complaint and the hearing officer's justification for awarding 375 hours of compensatory education due April 28, 2008. Based on the foregoing the Defendants' respectfully request that this Honorable Court decline to modify its Memorandum Opinion of February 20, 2008.

    Respectfully submitted,

    /s/
Roxanne D. Neloms [478157]
Domiento C.R. Hill [ MD14793]
Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
Counsel for Defendants

1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARY McCLEOD BETHUNE DAY ACADEMY PUBLIC CHARTER SCHOOL** | : <br> : <br> : <br> : |
| **Plaintiff,** | : <br> : |
| v. | : CIVIL ACTION NO. 07-1223(AK) <br> : |
| **TERRI BLAND, as next friend of the minor child, T.B., and T.B., individually,** | : <br> : <br> : |
| **Defendants.** | : <br> : |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES**
**SUBMITTED IN SUPPORT OF SUPPLEMENTAL BRIEF**

COMES NOW, the Defendants, by and through their attorneys Roxanne D. Neloms, Domiento C.R. Hill, and James E. Brown & Associates, PLLC, and in their Memorandum of Points and Authorities Submitted in Support of Supplemental Brief, represents unto this Honorable Court as follows:

**I. STATEMENT OF THE CASE**

In the October 2006 administrative due process hearing request, counsel for the parent, alleged in several issues that Bethune Academy essentially denied T.B. access to a free and appropriate education. Subsequent to the hearing, an April 2007 Hearing Officer Determination awarded T.B. at total of three hundred seventy-five hours in compensatory education services.

In the February 2008 Memorandum Opinion and Order, this Court denied the Plaintiff's Motion for Summary Judgment and granted-in-part and denied-in-part the Defendant's Motion for Summary Judgment. *See February 2008 Memorandum Opinion and Order.* The Court further remanded the matter to the Hearing Officer to provide an explanation of the

2

compensatory education award. See *Id.* Shortly thereafter, the Hearing Officer submitted his explanation and the Court further ordered the parties to submit supplementary briefings addressing Count 2 of the Plaintiff's complaint and the hearing officer's justification for awarding three hundred seventy-five hours of compensatory education.

## II. ARGUMENT

### THE APRIL 2007 HOD AND FEBRUARY 2008 EXPLANATION COMPLIED WITH THE REID APPROACH, THUS THE COMPENSATORY EDUCATION AWARD SHOULD BE UPHELD

In Count II of the Complaint, the Plaintiff asserted' "[t]he Hearing Officer erred in using a mathematical formula to determine compensatory services ' because he calculated the number of services allegedly missed by the student and then came up with the number of 375 hours of tutoring as compensatory education." ***See Plaintiff's Complaint***. The Defendants note that the hearing officer's determination of three hundred and seventy-five hours was derived from a "fact-intensive analysis that included individualized assessments of the student so that the ultimate award is tailored to the student's unique needs. ***See February 2008 Memorandum Opinion and Order***, quoting *Reid v. District of Columbia*, 401 F.3d at 524; see also *Branham*, 427 F. 3d at 11.

The Court's observed in *Reid v. District of Columbia*, the following:

> "[i]n this case, although the hearing officer made express findings regarding DCPS' four-and-a- half-year denial of FAPE, he set forth the 810-hour award in a one sentence ipse dixit'. . . At rate of 1 hour for each day of special education services not provided,' he wrote, 'DCPS is to provide 810 (4.5 multiplied by 180 school days) of compensatory education services to Matthew as his IEP directs." The officer's order contains neither reasoning to support this hour-per-day formula nor factual findings showing that the 810-hour result satisfied Matthew's needs.

3

> Accordingly, the district court, obligated by IDEA to ensure that relief set forth in the administrative award was 'appropriate', could not simply rely on the hearing officer's exercise of discretion. Instead, the court has to examine the record itself."

*See Reid at Id.*

In *Reid*, the parents argued that the hearing officer abused his authority because they believed the student was owed hour-per-hour relief, not the hour per day as derived by the hearing officer. The Court denied both the hour-per-hour relief and the hour for day because these proposed reliefs were based on a "mechanical approach". Neither approach offered any support or reasoning that would have enabled the Court to make a determination of whether the proposed awards were based on the student's unique needs. As noted by the Reid Court, the parents never argued that the student was entitled to hour-per-hour relief based on his unique needs, and the hearing officer failed to provide a reasoning or basis for his award of 810 hours.

In rejecting a mechanical approach, the Court adopted a qualitative standard, noting that compensatory education awards should attempt to place disabled children in the same position prior to the denials of FAPE. Furthermore, "[a] flexible approach [would] produce different results in different cases depending on the child's needs. See *Reid*. In focusing on a "qualitative standard", it must be noted that the *Reid* Court never stated that mathematical calculations could not be used. What the Court acknowledged was that "[they] had no basis for concluding that 810 hours-barely more than half a year of a single academic year- would suffice to make up for Matthew's four-and-half years without FAPE. . . ." *Id.* Thereby indicating "the parties must have some opportunity to present evidence regarding Matthew's specific educational deficits resulting from his loss of FAPE and the specific measures needed to best correct those deficits." See *Reid* at *Id.* ((remanding the matter back to the District Court to "determine that the 'appropriate relief'

4

is a remand to the hearing officer for further proceedings." quoting *JH ex el. JD v. Henrico County Sch. Bd.*, 395 F.3d 185, 198 (4th Cir. 2005)).  The matter was not simply remanded because the hearing officer used a mathematical formula to determine compensatory education services, it was remanded because the hearing officer utilized a "mechanical approach"– one hour for each day services were missed and offered no reasoning or explanation to support his award.

As the Defendants' previously argued in its prior motion, the *Reid* Court found that determining the amount of remedial assistance due for a child, requires an undertaking of fact specific exercises of discretion, by either the district court or a hearing officer. *Id.*  These types of inquires (exercises of discretions), "must be fact-specific [omit] to accomplish IDEA's purposes, [because] the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." *Id.*

Compare the *Reid* standard with the explanation provided to the Court by the hearing officer:

> "I first made a fact specific inquiry to determine the student's current level of educational performance and prospective individual needs to determine the amount compensatory education to which the student is entitled. . . .I requested additional information on the student's current reading level which was provided with the results of a Qualitative Reading Inventory. . . .[t]he assessment concluded that the student was reading at approximately a third grade level. . . .the student was in the fifth grade in a general education classroom using a fifth grade curriculum. . . . the student's fifth grade report card showed the student failing in reading, language arts, mathematics and science. . . I also reviewed evidence from Dr. Richard Fleitas and the Slyvan Learning Center [and] I also had the Slyvan's

>     Learning Center's estimate of four hundred and eight hours
>     for the amount of such tutoring."

*See February 2008 Explanation of Compensatory Education Award*.

As required by the *Reid* Court, the hearing officer engaged in a fact specific inquiry to justify the amount of hours awarded to the student. Based on that "fact specific inquiry", the hearing officer scheduled an additional administrative hearing to obtain additional evidence . *See AR at 1-6.* That additional evidence included additional testing to ascertain T.B's current academic level. *See 2nd TR at 34-35.* Furthermore, the hearing officer reviewed documentation by an outside tutoring company. *See February 2008 Explanation*. This award was more than a calculation of missed services. It included far more evidence which encompassed T.B.'s current academic and chronological grade level, the numbers of hours T.B. missed, and the proposed amount of services it would take for him to (possibly) reach grade level. There is in fact nothing vague as to how the hearing officer came to determine the amount of three hundred and seventy-five hours.

The Plaintiff's belief that a simple mathematical calculation violates the standard enunciated in *Reid*, would undermine the entire approach to determining compensatory education awards. Mathematical calculations are necessary to determine a baseline. More poignantly, where else would the hearing officer start from? What isn't acceptable is the assumption that *the total hours missed is what a student is entitled to*; neither is it acceptable to create an arbitrary mathematical formula and apply it without documented support or evidence; there must be more in the record. Based on the foregoing, this Court should allow the award of three hundred and seventy-five hours to stand, as the hearing officer provided sufficient

explanations and reasons for determining this award. This Court should find that the award was based on a fact specific inquiry that complied with the standard enunciated in *Reid*.

### III. CONCLUSION

Wherefore, the Defendants pray that this Court respectfully decline to modify its February 2008 Memorandum Opinion and Order and ordered the Plaintiffs to immediately comply with the award of compensatory education services in the April 2007 HOD. And further grant any other relief the Court deems appropriate.

                                            Respectfully submitted,
                                            /s/
                                            Roxanne D. Neloms [478157]
                                            Domiento C.R. Hill [ MD14793]
                                            Brown & Associates, PLLC
                                            1220 L. Street, NW, Suite 700
                                            Washington, DC 20005
                                            (202)742-2000 (Tele.)
                                            Counsel for Defendants