UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY McCLEOD BETHUNE DAY ACADEMY PUBLIC CHARTER SCHOOL** | : <br> : <br> : <br> : |
| **Plaintiff,** | : <br> : |
| v. | : CIVIL ACTION NO. 07-1223(AK) <br> : |
| **TERRI BLAND, as next friend of the minor child, T.B., and T.B., individually,** | : <br> : <br> : |
| **Defendants.** | : <br> : <br> : |

### DEFENDANTS' RESPONSE TO THE PLAINTIFF'S SUPPLEMENTARY BRIEF

**COMES NOW**, the Defendants, by and through counsels, Roxanne D. Neloms and Domiento C.R. Hill and James E. Brown & Associates, PLLC and pursuant to the Court's Order requiring the parties to submit supplementary brief addressing Count 2 of Plaintiffs Complaint and the hearing officer's justification for awarding 375 hours of compensatory education hereby files its response to the Plaintiff's supplementary brief.

### I. ARGUMENT

In this case, as the Court may recall, testimony from Ms. Gomar Abidene, the special education coordinator, indicated that T.B.'s past and current IEP's, which contained fifteen hours of specialized instruction, had not been implemented during the school year. ***See Administrative Transcript.*** Her testimony further revealed that Bethune Academy utilized an inclusion model where the special education teacher only consulted with the regular education teacher and at no time provided direct services to special education students. ***Id.*** Based on Bethune Academy's own admission, T.B. had not received any specialized instruction and

1

related services during his time at Bethune Academy and therefore was denied access to a free and appropriate education. Based on this information, the hearing officer correctly found that Bethune Academy denied T.B. FAPE, thus the next step was to determine what, if any, compensatory education. was T.B due.

It is of importance to note that the Plaintiff continue to argue that the determination of whether a student is entitled to compensatory education lay with 1) a demonstration of educational harm, 2) "evidence that establishes a causal relationship between the denial of FAPE and the educational deficit", and 3) proof of what it would take to place the student in the position he would have been in but for the denial of services. As previously argued, stated and restated throughout caselaw, compensatory education is an equitable remedy and its purpose is to ensure that a student receives the FAPE to which he/she was originally entitled. See *Wenger v. Canastota Central Sch. Dist.*, 26 IDELR 1128 (N.D.N. Y 1997); *Reid v. District of Columbia*, 43 IDELR 32, 401F.3d 516 (D.C. Cir. 2005); *Lester H. v. Gilhool*, 16 IDELR 1354, 916 F. 2d 865 (3d Cir. 1990); *Burr v. Ambach*, 441 IDELR 314, 863 F.2d 1071 (2d Cir. 1988). As a result, the claimant must prove that he/she was denied access to FAPE, which may be demonstrated thorough procedural and substantive denials of FAPE. See *Parents of Student W. v. Puyallup Sch. Dist.*, 21 IDELR 723, 31 F.3d 1489 (9th Cir. 1994). If the hearing officer determines that a school district denied the student FAPE, then the hearing officer may determine what, if any, compensatory education services are warranted. *Id.*

It is clear that T.B.'s entitlement to compensatory education was based on Bethune Academy's denial of FAPE, as the school acknowledged its failure to provide T.B. services and specialized instruction in accordance with his IEP. Regardless of these recognizable facts, the Plaintiff surmises that T.B.'s award of compensatory education was flawed because "there was

2

no evidence that linked T.B.'s current level of academic functioning to the period of the time of the denial of FAPE by [Bethune Academy]." *See Plaintiff's Supplementary Brief*.

In support of this position, the Plaintiff contends that T.B. was approximately behind two years when he began at Bethune Academy and the additional testing conducted by the special education teacher revealed that T.B. was reading on a third grade level, thus indicating "approximately 1 ½ years growth in approximately 1 ½ years time in two of the three areas and approximately 1 years grow[th] in the other area." *Id*. In other words, the Plaintiff are convinced that T.B.'s award can not be justified because the Defendants are unable to prove that Bethune Academy is responsible for T.B.'s academic lag. This argument is without merit as the basis of T.B.'s compensatory education award ***stemmed from the violations committed by Bethune Academy's that resulted in T.B. being denied access to FAPE***, not on violations that may or may not have been committed prior to his enrollment. The argument set forth by the Plaintiff is nothing more than an attempt to misguide the Court's focus from the real issue- was the hearing officer's award justified and in sync with *Reid*. As required by the *Reid* Court, the hearing officer engaged in a fact specific inquiry to justify the amount of hours awarded to the student. This Court should find that the hearing officer effectively applied the logic set forth in Reid and maintained the authority to award T.B. with three hundred and seventy-five hours of compensatory education services.

## II. CONCLUSION

Wherefore, the Defendants pray that this Court respectfully decline to modify its February 2008 Memorandum Opinion and Order and ordered the Plaintiffs to immediately comply with the award of compensatory education services in the April 2007 HOD. And further grant any other relief the Court deems appropriate.

3

Respectfully submitted,

　　　　　/s/　　　　　
Roxanne D. Neloms [478157]
Domiento C.R. Hill [ MD14793]
Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
Counsel for Defendants