UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARY MCLEOD BETHUNE DAY ACADEMY PUBLIC CHARTER SCHOOL,**<br><br>  Plaintiff,<br><br>  v.<br><br>**TERRI BLAND,** as next friend of the minor child, T.B., **and T.B.**, individually,<br><br>  Defendants. | Civil Action No. 07-1223(AK) |

### SUPPLEMENTAL MEMORANDUM OPINION[1]

This matter is before the Court following the hearing officer's February 25, 2008 Explanation of Compensatory Education Award. Having reviewed the Hearing Officer's Determination and the supplemental briefing supplied by the parties, the Court issues the following Supplemental Memorandum Opinion.

**I.   Background**

The factual and procedural history of this case is set forth at length in the Court's February 20, 2008 Memorandum Opinion [17] and need not be restated herein. In granting summary judgment for Defendant with respect to Count I of Plaintiff's Complaint, the Court found that the Hearing Officer had sufficient information before him from which he could

---

[1] By consent of the parties, this case was referred to the undersigned Magistrate Judge for all purposes and trial pursuant to 28 U.S.C. § 636(c). (*See* "Consent to Proceed Before a United States Magistrate Judge for All Purposes" [8].)

conclude that T.B. had been denied a free and appropriate public education ("FAPE") and was entitled to compensatory education. (Mem. Op. [17] at 10-11.) However, the Court denied the cross-motions for summary judgment as to Count II of Plaintiff's Complaint, finding that there was insufficient evidence in the record from which the Court could discern whether the Hearing Officer's award of 375 hours of compensatory education violated the principles set forth by the Supreme Court in *Reid v. D.C.*, 401 F.3d 516 (D.C. Cir. 2005). (*Id*. at 14-15.) Accordingly, the Court remanded the case to the Hearing Officer for a further explanation of why 375 hours of tutoring was an appropriate remedy. (*Id*. at 15.)

On February 25, 2008, the Hearing Officer issued a supplemental Hearing Officer Determination in which he set forth the basis for the 375 hour award. (HOD of 2/25/08.) The Hearing Officer stated that the results of the Qualitative Reading Inventory, 4th Edition ("QRI-IV") indicated that T.B. was reading two years behind grade level. (*Id*. at 2.) The Hearing Officer then found that while T.B.'s March 10, 2006 IEP called for fifteen hours per week of specialized instruction, T.B. only received five hours per week of specialized instruction and received no specialized instruction by a special education teacher during December 2006. (*Id*.) The Hearing Officer calculated that between March and December 2006, the school failed to provide a total of 375 hours of specialized instruction. (*Id*.) Finding that this number was close to the number of hours of tutoring recommended by the Sylvan Learning Center, the Hearing Officer concluded that 375 hours of tutoring was reasonably calculated "to close the two year grade level gap caused by the school's failure to provide FAPE and meet his individual needs." (*Id*.)

**II.     Legal Standards**

    A.     Summary Judgment

A party is entitled to summary judgment if the pleadings, depositions, and affidavits demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party bears the initial burden of identifying those portions of the pleadings or other documents in the record that it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The adverse party must then "go beyond the pleadings" and "'designate' specific facts showing that there is a genuine issue for trial." *Id*. at 324. To be material, the factual assertion must be capable of affecting the substantive outcome of the litigation; to be genuine, the issue must be supported by sufficient admissible evidence that a reasonable trier-of-fact could find for the nonmoving party." *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987). Although a Court should draw all reasonable inferences from the records submitted by the nonmoving party, the mere existence of a factual dispute, by itself, is insufficient to bar summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

    B.     The Individuals with Disabilities in Education Act

The IDEA provides for judicial review in state or federal court for "[a]ny party aggrieved by the findings and decision" rendered in a due process hearing. 20 U.S.C. § 1415 (i)(2)(A); 34 C.F.R. § 300.512.(b)(3). The reviewing court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on

3

the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)((2)(C); 34 C.F.R. § 300.512(b)(3). The burden is on the party challenging an administrative determination to persuade the court that the Hearing Officer was wrong. *Reid*, 401 F.3d at 521. Given the reviewing court's authority to hear additional evidence and base its decision on the preponderance of the evidence, IDEA "plainly suggests less deference than is conventional in administrative proceedings," and little deference is owed to a hearing decision that lacks reasoned and specific findings. *Id*. Finally, "[w]hen no additional evidence is introduced in a civil suit seeking review of an H.O.D., a motion for summary judgment operates as a motion for judgment based on the evidence comprising the record." *Thomas v. D.C.*, 407 F.Supp.2d 102, 109 (D.D.C. 2005).

      C.    <u>Compensatory Education</u>

The Individuals with Disabilities in Education Act ("IDEA") guarantees children with disabilities the right to a free and appropriate public education with services designed to meet their individual needs. 20 U.S.C. §§ 1400(d)(1)(A), 1412(a)(1). Where a school system fails to provide special education or related services to a disabled student, the student is entitled to compensatory education. *Walker v. D.C.*, 157 F.Supp.2d 11, 30 (D.D.C. 2001). *See also Reid*, 401 F.3d at 522 ("Under the theory of compensatory education, courts and hearing officers may award educational services to be provided prospectively to compensate for a past deficient program.") (citations omitted).

   A compensatory education award is an equitable remedy that "should aim to place disabled children in the same position they would have occupied but for the school district's

violations of the IDEA." *Reid*, 401 F.3d at 518, 523. In crafting a compensatory education award, the Hearing Officer must engage in a fact-intensive analysis that is qualitative rather than quantitative. *Branham v. D.C.*, 427 F.3d 7, 11 (D.C. Cir. 2005); *Reid*, 401 F.3d at 524. In *Reid*, the Court rejected "cookie-cutter" or mechanical remedies, such as awarding one hour of compensatory instruction for each hour that the student was denied FAPE, and stressed that the Hearing Officer must take into account individual assessments of the student and focus on the student's individual needs. *Reid*, 401 F.3d at 523-24. An arbitrary compensatory education award will never pass muster under the *Reid* standard. *See id*. at 525.

**III.    Discussion**

*Reid* provides that a compensatory education "award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." *Reid*, 401 F.3d at 524. This standard "carries a qualitative rather than quantitative focus," and must be applied with "[f]lexibility rather than rigidity." *Id*. at 524. In crafting a remedy for a denial of FAPE, the Hearing Officer must engage in a fact-intensive analysis that includes individualized assessments of the student so that the ultimate award is tailored to the student's unique needs. *Id*. at 524. *See also Branham*, 427 F.3d at 11 (noting that *Reid* requires a "qualitative, fact-intensive analysis"); *Friendship Edison Pub. Charter Sch. Collegiate Campus v. Nesbitt*, 532 F.Supp.2d 121, 124 (D.D.C. 2008) ("The crafting of an award of compensatory education under IDEA simply cannot be 'nebulous.'"). As the D.C. Circuit recognized in *Reid*: "Some students may require only short, intensive compensatory programs targeted at specific problems or deficiencies. Others may need

extended programs, perhaps even exceeding hour-for-hour replacement of time spent without FAPE." *Reid*, 401 F.3d at 524. *See also Thomas v. D.C*, 407 F.Supp.2d 102, 115 (D.D.C. 2005) (noting that no compensatory education is required for a denial of FAPE if the student would not benefit from the additional services).

    A Hearing Officer cannot determine the amount of compensatory education that a student requires unless the record provides him with "insight about the precise types of education services [the student] needs to progress." *Branham*, 427 F.3d at 12. Relevant evidence includes "the nature and severity of the student's disability, the student's specialized educational needs, the link between those needs and the services offered by the private school, the placement's cost, and the extent to which the placement represents the least restrictive educational environment." *Id*. In *Nesbitt*, the Court found that an "award was not adequately individualized or supported by the record" when the Hearing Officer was not provided with any information about the student's current grade level of functioning. *Nesbitt*, 532 F.Supp.2d at 125.

    *Reid* explicitly rejected "cookie-cutter approach[es]," such as "a presumption that each hour without FAPE entitles the student to one hour of compensatory instruction." *Reid*, 401 F.3d at 523. *See also Parents of Student W v. Puyallup Sch. Dist.*, 31 F.3d 1489, 1497 (9th Cir. 1994) ("There is no obligation to provide a day-for-day compensation for time missed. Appropriate relief is relief designed to ensure that the student is appropriately educated within the meaning of the IDEA."). In a recent case decided in this District, the Court reviewed an HOD in which "the Hearing Officer used a formula of 27.5 hours per week for forty weeks over three years to calculate the award." *Nesbitt*, 532 F.Supp.2d at 123. The Court noted that "[a] compensatory award constructed with the aid of a formula is not *per se* invalid," and that "[a] formula-based

award may in some circumstances be acceptable if it represents an individually-tailored approach to meet the student's unique prospective needs, as opposed to a backwards-looking calculation of educational units denied to a student." *Id*.

The record in this case contained sufficient evidence of T.B.'s unique educational need to allow the Hearing Officer to craft a compensatory education award that is reasonably calculated to place T.B. in the position he would have been in but for the denial of FAPE. First, the Hearing Officer reviewed the results of the March 29, 2007 QRI-IV, which demonstrated that T.B. was reading at a third grade level. (A.R. at 10.) Second, the record contains T.B.'s fifth grade report card, which shows that he received failing grades in reading, language arts, mathematics and science, as well as a October 3, 2006 Progress report, which notes that T.B. was performing below grade level in language arts, mathematics and social studies. (*Id*. at 28, 228.) Third, both Dr. Fleitas and Sylvan Learning Center recommended tutoring as the most appropriate course of action for T.B. (Tr. of 3/23/07 Hr'g at 23; A.R. at 182, 186, 189.) Specifically, Sylvan recommended a program of 200 or more hours of tutoring in reading, 108 or more hours of tutoring in math, and 100 or more hours of tutoring in writing. (A.R. at 182, 186, 189.)

The only remaining issue, which the Hearing Officer addressed on remand, is whether the Hearing Officer's award of 375 hours of compensatory education is the type of formulaic, cookie-cutter approach that the D.C. Circuit rejected in *Reid*. Plaintiff argues that the award was arbitrary and violates *Reid* because the Hearing Officer merely "calculated the number of service hours allegedly missed by the student and then came up with the number of 375 hours of tutoring as compensatory education." (Pl.'s Supp. Br. [19] at 5.) Defendants do not dispute that "an arbitrary mathematical formula" is inappropriate, but assert that mathematical calculations of the

total number of service hours missed "are necessary to determine a baseline." (Def.'s Supp. Br. [20] at 6.)

This Court will follow the teaching of *Nesbitt*, which recognizes that "[a] compensatory award constructed with the aid of a formula is not *per se* invalid," and that "[a] formula-based award may in some circumstances be acceptable if it represents an individually-tailored approach to meet the student's unique prospective needs, as opposed to a backwards-looking calculation of educational units denied to a student." *Nesbitt*, 532 F.Supp.2d at 123. While it is true that the Hearing Officer's award reflects the exact number of service hours that MMB denied T.B., the Hearing Officer conducted a fact-specific inquiry and tailored the award to T.B.'s individual needs by taking into account the results of the QRI-IV and the recommendations of the Sylvan Learning Center. Plaintiff has not adduced any evidence, other than the obvious connection between the service hours denied and the compensatory hours awarded, to suggest that the Hearing Officer's award of 375 hours was the type of formulaic approach that *Reid* rejected. Accordingly, the Court finds that Plaintiff has not met its burden of proving that the Hearing Officer was wrong, and further finds that there exists no genuine issue of material fact as to the propriety of the compensatory education award.

## IV.    Conclusion

For the foregoing reasons, the Court declines to modify its original denial of Plaintiff's Motion for Summary Judgment as to Count II of Plaintiff's Complaint, but will modify its original denial of Defendants's Motion for Summary Judgment as to Count II of Plaintiff's Complaint. Defendants are entitled to summary judgment on the issue of whether the Hearing

Officer erred in awarding 375 hours of compensatory education, and Plaintiff is ordered to implement this award. An Order consistent with the Memorandum Opinion is issued contemporaneously herewith.

Date: May 27, 2008

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE