**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MARY McCLEOD BETHUNE DAY ACADEMY PUBLIC CHARTER SCHOOL**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TERRI BLAND, as next friend of the minor child, T.B., and T.B., individually,**<br><br>**Defendants.** | : | **CIVIL ACTION NO. 07-1223(AK)** |

**DEFENDANTS' REQUEST FOR REIMBURSEMENT OF REASONABLE ATTORNEY FEES AND COSTS.**

COMES NOW, the Defendants, by and through their attorney, Roxanne D. Neloms and Domiento C.R. Hill of James E. Brown and Associates, in their Memorandum to Support Their Request for an Award of Reasonable Attorney's Fees and Costs respectfully represents unto this Honorable Court as follows:

## I. INTRODUCTION

In its first memorandum opinion dated February 21, 2008, the Court noted that the Defendants' request for reasonable attorneys fees was premature in light of the Court's decision to remand the matter for further explanation. Subsequently, the Court declined to modify its original memorandum opinion, but failed to address whether the Defendants prevailed at the administrative level. Based on the April 2008 Memorandum Opinion, the Defendants believe the issue regarding prevailing party status is now ripe and hence forth the Defendants request that this Court rule favorably on its motion for attorneys fees. In addition, the Defendants are attaching the invoices and affidavits to support its application for fees.

At the administrative level, the hearing officer found that T.B. had been denied access to a free and appropriate education when Bethune Academy failed to implement T.B.'s current and past year IEPs. More specifically he concluded that T.B. was due compensatory education because Bethune Academy had not provided "specialized instruction since March 2006 and [. . . ]for the month of December 2006. ***See AR at 1-6.*** He then awarded T.B. three hundred and seventy-five hours of compensatory education in the form of individual tutoring. ***Id***. On July 6, 2007, the Plaintiffs filed a complaint seeking reversal of the April 2007 Hearing Officer's Determination arguing that the hearing officer "erred in using a mathematical formula to determine compensatory services" and further erred in awarding compensatory education services because the Defendant failed to meet her burden in proving compensatory education services. ***See Plaintiffs' Original Complaint***.

In the subsequent motions that followed, the Defendants argued that the April 2007 HOD should not be overturned and further sought reimbursement of reasonable attorneys fees as the Defendants prevailed at the administrative level. While the Court denied the Plaintiffs' motion for summary judgment and granted the Defendants' Motion with respect to Count II, the Court did not revisit the matter of whether the Defendants prevailed for purposes of reimbursement of reasonable attorney fees. In light of that decision, the Defendants renew their request for reimbursement of reasonable attorneys fees.

**II. DEFENDANTS ARE PREVAILING PARTIES AND ARE ENTITLED TO REIMBURSEMENT FOR REASONABLE ATTORNEY FEES.**

This Honorable Court has the authority to award the Defendants in this matter attorneys' fees under the 20 U.S.C. §1415(i)(3)1 of the IDEA. Under the IDEA, parents who prevail at the administrative level in securing special education rights for their children are entitled to seek reimbursement for attorneys' fees. This statutory right to seek fees is a well settled principle in special education law. In *Moore v. District of Columbia*, 907 F.2d 165 (1990), the Court of Appeals for the District of Columbia held that the courts may award parents attorney fees upon prevailing in administrative matters. See *Moore v. District of Columbia*, 907 F.2d 165 (1990). The IDEIA states that "[t]he court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." *See Kingsberry v. District of Columbia et al.*, 338 F.Supp.2d 2 (August 9, 2005) *quoting* 20 U.S.C. § 1415 (i)(3)(B). "[S]ection 1415(i)(3)(B) also authorizes a parent who prevails in an IDEA administrative hearing to recover attorney's fees by filing suit for the fees in federal court." *Kaseman v. District of Columbia*, 329 F.Supp.2d 20, 23 (D.D.C. 2004) (citations omitted).

For purposes of reimbursement of attorney fees, the Defendants in this matter are prevailing parties as defined by the Court *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(i.e., material alteration of the parties and are entitled to reimbursement for reasonable attorney fees). Under the IDEA, parents who prevail at either the administrative or District level in securing special education services and benefits for their children are entitled to seek reimbursement of reasonable attorneys' fees. The right to reimbursement of reasonable

---

[1]20 U.S.C. §1415(i)(3)(B) of the Individuals with Disabilities Act provides "[i]n an action or proceeding brought under this section [1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party."

attorney's fees is a well settled principle in special education law. See *Moore v. District of Columbia*, 907 F.2d 165 (1990).

Judge Edwards, in *Select Milk*, agreed with the principles of the *Buckhannon* three prong test, which states that "1) in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant; 2) a prevailing party in whose favor a judgement is rendered, regardless of the amount of damages awarded; 3) a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief." See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001)). In other words, "a material alteration between the legal parties must have occurred". See *Thomas v. District of Columbia*, WL 3220614, (D.D.C. 2006)(also quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001)). Since the Defendants prevailed at both the administrative level and the District level, the Defendants request this Court to grant them with prevailing party status an award reimbursement of reasonable attorneys fees.

***a. The Defendants Prevailed at the Administrative Level and thus are Entitled to Prevailing Party Status*.**

While it is not necessary to for a parent to obtain all the relief that they initially sought, "there must be an 'alteration in the legal relationship of the parties' that has been given some judicial *imprimatur* ···" in order for a court to award attorneys' fees. *Armstrong v. Vance*, 328 F.Supp.2d 50, 57 (D.D.C.2004) (quoting *Buckhannon Bd. And Care Home, Inc. V. West Virginia Dept's of Health and Human Res*., 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

Here, the Defendants filed an administrative due process hearing request alleging that 1) Bethune Academy failed to revise T.B.'s IEP in a timely manner; 2) Bethune Academy failed to implement the IEP' from the 2004-2005 and 2005/2006 school year; 3) Bethune Academy failed to provide comprehensive evaluations; 4) Bethune Academy failed to develop an appropriate IEP at the March 2006 IEP meeting and 5) Bethune Academy failed to convene an appropriate IEP team in March 2006. ***See AR at 65-73.*** As relief, counsel, among other things, sought the convening of a proper MDT/IEP meeting, evaluations, the reservation of compensatory education. ***See AR at 71.***

Based on the testimony provided by the parties the hearing officer issued two hearing officer's determinations dated January 26, 2007 and April 9, 2007 respectively. ***Id.*** As a result of the testimony presented, the hearing officer awarded T.B. 375 hours compensatory education for services that were missed. ***See AR at 25.***

***b. The Defendants Prevailed at the Federal Level and Thus are Entitled to Prevailing Party Status***

This Court declined to reverse the April 2007 HOD and as a result, the Defendants are the prevailing party at the District level. As such this Court should find that the Defendants are entitled to reimbursement of reasonable attorney fees. The Plaintiffs in this matter appealed the findings in the April 2007 HOD asserting that the Defendants failed to meet there burden in accordance with *Reid v. Dist of Columbia*, 401 F. 3d 516 (D.C. Cir. 2005). The Plaintiffs further claimed that the Defendants failed to present any evidence as to the actual harm of the alleged denial of FAPE, and further alleged that the hearing officer used a mathematical formula to determine compensatory education services and thereby ignoring *Reid v. Dist of Columbia*, 401 F. 3d 516 (D.C. Cir. 2005). The Defendants asserted that the hearing officer's determination was based on the preponderance of the evidence and his determination was also well reasoned and

sound and therefore should remain intact. Furthermore, the Defendants argued that April 2007 HOD contained a fact specific analysis that was consistent with *Reid,* supra. After instructing the hearing officer to provide further explanation of the compensatory education award, this Court declined to reverse the April 2007 HOD. Based on the foregoing the Defendants have prevailed as a matter of law and therefore are entitled to reimbursement of reasonable fees.

**III. THE *LAFFEY* MATRIX SHOULD BE USED TO DETERMINE THE REASONABLENESS OF REIMBURSEMENT OF ATTORNEY FEES.**

The Defendants believe that the "[t]he *Laffey* Matrix is applicable in this matter, as it was intended to be used in cases that rely on fee-shifting statutes. The Defendants do not object to this Court awarding fees pursuant to their applications, notwithstanding the fact that the fees charged per hour by the attorneys, $350.00, is the rate normally charged to paying clients.

This Court has stated that in order "to recover fees based on prevailing market rates, [an] attorney [omit] must show: (1) that customarily reduced rates are charged for noneconomic reasons; (2) information documenting attorney's skill experience and reputation; and (3) evidence of prevailing market rates in relevant community for attorneys of comparable skill, experience and reputation. See 42 U.S.C.A. § 1988; see also *Covington v. District of Columbia*, 57 F.3d at 1107; see *Watkins v. Vance*, 328 F. Supp. 2d 27 (D.D.C. 2004); and *Abraham v. D.C.*, 338 F. Supp. 2d 113 (D.D.C. 2004). "The prevailing market rate can be determined by reference to the so-called Laffey matrix". See *Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C.Cir.1995); *Blackman v. District of Columbia*, 59 F.Supp.2d 37, 43 (D.D.C.1999) (citing *Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354, (D.D.C.1983), rev'd on other grounds, 746 F.2d 4 (D.C.Cir.1984).

In support of the Defendants' fee application, counsel has attached information regarding Roxanne D. Neloms, and Roberta Gambale's (as verified by her supervising attorney) reputation

in the community. ***See Exhibits 1 and 2.*** As each attorney listed has the required qualifications, experience, and skills, this Court should award fees in connection with the *Laffey* matrix.

## IV. DEFENDANTS' HOURLY RATES ARE CONSISTENT WITH THE RATES PREVAILING IN THE COMMUNITY .

Reasonable fees are determined by multiplying the number of reasonable hours by the reasonable rates per hour, in order to arrive at the lodestar figure. *Hensley v. Eckerhard*, 461 U.S. 424 (1983); *Blum v. Stevenson*, 465 U.S. 866 (1984). Applicable hourly rates are those market rates applicable in the community. *Id. at Hensley*, 461 U.S. 424. Counsel for the Defendants hourly rates are set forth in an affidavit, attached to this motion and are consistent with the market rates in this community for special education cases. Counsel for the Defendants are also required to exercise "billing judgment" and document the time expended. The attached affidavits and invoices of fees and cost contained information specific work for which reimbursement is sought. In addition the fees sought are customary fees that are charged for like work. In support of the reasonable fee requested, counsel for the Defendants have attached notarized affidavits and invoices for fees and costs, which are reasonable in terms of time expended and rates sought in this matter.

## V. DEFENDANTS' ATTORNEY TIME AND EXPENSES ARE REASONABLE AND WERE NECESSARY TO OBTAIN SUCCESSFUL RESULTS.

The amount of time expended in prosecuting and defending this matter is reasonable in light of the fact that this action was initiated on behalf of the student's and his parent and the administrative level, the Defendants were successful. In addition, the time expended at the District Courtlevel was necessary for success. ***See attached Exhibits 3 & 4***. The time expended at the at that level was reasonable as well. Thus, the fees and costs sought include reasonable attorney time, billed at reasonable rates and expenses include copying, facsimile and postage

charges. ***Id.*** The time and expenses of the attorneys involved are not excessive and were necessary to obtain favorable outcomes at the administrative and District Court levels. *See Nat'l Ass'n of Concerned Veterans*, 675 F.2d 1319 (D.C. Cir. 1992)("the burden of proceeding then shifts to the party opposing the fee award, who must submit facts and detailed affidavits to show why the applicant's request should be reduces or denied. . . .[A]n opposing party does not meet his burden merely by asserting broad challenges to the application, it is not enough for an opposing party to state , for example, that the hours claimed are excessive and the rates submitted to high." As the billing rates are those that are consistent with the prevailing market rates and, in some instances, lower than what is afforded from the *Laffey Matrix,* the Defendants submit that their fees for reimbursement are reasonable.

## VI. CONCLUSION

Based on the foregoing, the Defendants respectfully request this Court to award them reimbursement of reasonable attorneys fees and costs at the administrative and in connection of the litigation of this suit in the amount of $12,912.02.

Respectfully Submitted,

/s/

Roxanne D. Neloms[478157]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000(tele)
(202)742-2098(fax)
***Attorney for Plaintiffs***

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARY McCLEOD BETHUNE DAY ACADEMY PUBLIC CHARTER SCHOOL** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO. 07-1223(AK)** |
| **TERRI BLAND, as next friend of the minor child, T.B., and T.B., individually,** | |
| **Defendants.** | |

**AFFIDAVIT OF DOMIENTO C.R. HILL**

I, Domiento C.R. Hill , first being duly sworn under oath and deposes and states as follows:

1. That I am the managing partner at James E. Brown & Associates, PLLC and I submit this Declaration to support the Defendants' Request for Attorney Fees and Cost in the above captioned matter.

2. That Robert Gambale is admitted to the bars of Washington State and the District of Columbia, having been admitted in 1996 and 2002, respectively.

3. That she has practiced in the area of special education law since 2001 and have handled over 1,200 cases in that span of time.

4. That she has represented many clients who are low income families and sought legal representation for their special needs children.

5. That from time to time she have taken continuing legal education courses in this area to stay abreast of new developments and cases in special education as well.

6. That she is one of the attorneys who worked on the case presented in this appeal and that her hourly rate for work performed during that time period, was three hundred and sixty five dollars per hour ($365.00). This rate is less than allotted on the *Laffey Matrix*.

7. That from May 1996 until May 1999 she was employed by the law firm of Donald D. Cook in Seattle, WA and from May 1999 until July of 2001, she was employed by the law firms of McClure and Associates in Seattle, WA. At both firms she worked primarily in the areas of family law but also handled bankruptcy cases, and general civil cases and criminal defense litigation.

8. That I am further familiar with the prevailing market rates for legal services in the Washington DC area that are charged to paying clients and that our rates are well within the range of prevailing rates in the District of Columbia market for special education and related legal matters.

9. I am familiar with the statement of services for which reimbursement of attorney fees are claimed, and believe they are accurate and reasonable for the time billed. I believe that the said attorney exercised reasonable and prudent billing judgment for the time she billed respectively and in my judgment does not include any time for unrelated or unnecessary matters. I further believe that they endeavored to avoid any unnecessary duplication of work.

10. Throughout the representation of the Defendants in this matter, my firm has attempted to represent the interest of the Plaintiffs to the fullest and most efficient way possible.

[signature to follow]

DOMIENTO C.R. HILL

DATED: June 11, 2008

Subscribed and sworn before me this 11th day of June 2008.

Expires 1/31/2012

Notary Public

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MARY McCLEOD BETHUNE DAY ACADEMY PUBLIC CHARTER SCHOOL** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CIVIL ACTION NO. 07-1223(AK)** |
| **TERRI BLAND, as next friend of the minor child, T.B., and T.B., individually,** | : | |
| **Defendants.** | : | |

**AFFIDAVIT OF DOMIENTO C.R. HILL**

I, Domiento C.R. Hill , first being duly sworn under oath and deposes and states as follows:

1. That I am the managing partner at James E. Brown & Associates, PLLC and I submit this Declaration to support the Defendants' Request for Attorney Fees and Cost in the above captioned matter.

2. That Robert Gambale is admitted to the bars of Washington State and the District of Columbia, having been admitted in 1996 and 2002, respectively.

3. That she has practiced in the area of special education law since 2001 and have handled over 1,200 cases in that span of time.

4. That she has represented many clients who are low income families and sought legal representation for their special needs children.

5. That from time to time she have taken continuing legal education courses in this area to stay abreast of new developments and cases in special education as well.

6. That she is one of the attorneys who worked on the case presented in this appeal and that her hourly rate for work performed during that time period, was three hundred and sixty five dollars per hour ($365.00). This rate is less than allotted on the *Laffey Matrix*.

7. That from May 1996 until May 1999 she was employed by the law firm of Donald D. Cook in Seattle, WA and from May 1999 until July of 2001, she was employed by the law firms of McClure and Associates in Seattle, WA. At both firms she worked primarily in the areas of family law but also handled bankruptcy cases, and general civil cases and criminal defense litigation.

8. That I am further familiar with the prevailing market rates for legal services in the Washington DC area that are charged to paying clients and that our rates are well within the range of prevailing rates in the District of Columbia market for special education and related legal matters.

9. I am familiar with the statement of services for which reimbursement of attorney fees are claimed, and believe they are accurate and reasonable for the time billed. I believe that the said attorney exercised reasonable and prudent billing judgment for the time she billed respectively and in my judgment does not include any time for unrelated or unnecessary matters. I further believe that they endeavored to avoid any unnecessary duplication of work.

10. Throughout the representation of the Defendants in this matter, my firm has attempted to represent the interest of the Plaintiffs to the fullest and most efficient way possible.

[signature to follow]

DOMIENTO C.R. HILL

DATED: June 11, 2008

Subscribed and sworn before me this 11th day of June 2008.

Expires 1\31\2012

Notary Public

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARY McCLEOD BETHUNE DAY ACADEMY PUBLIC CHARTER SCHOOL** | : |
| **Plaintiff,** | : |
| **v.** | : **CIVIL ACTION NO. 07-1223(AK)** |
| **TERRI BLAND, as next friend of the minor child, T.B., and T.B., individually,** | : |
| **Defendants.** | : |

**AFFIDAVIT OF ROXANNE D. NELOMS**

I, Roxanne D. Neloms, first being duly sworn under oath and deposes and states as follows:

1. That I am admitted to the District of Columbia having been admitted in May 2002.

2. That I have practiced in the area of special education law since 2003 and have handled and participated in the litigation of over 250 cases in that span of time.

3. That these firm frequently represents low income families seeking legal representation for their children's special education needs.

4. That from time to time I have taken continuing legal education courses in this area to stay abreast of new developments and cases in special education as well.

5. That my hourly rates for work that I performed, in accordance with the *Laffey* Matrix, during the relevant period was Two Hundred and Forty-Five Dollars ($245.00) per hour.

6. That from September 2001 to September 2003, I clerked for the Honorable William P. Greene at the United States Court for Veteran Appeals, where I was responsible for drafting memorandum decisions and etc.

ROXANNE D. NELOMS

DATED: June 11, 2008

Subscribed and sworn before me this

Notary Public

Kelly Dau
Notary Public, District of Columbia
My Commission Expires 1-1-2010

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Terrence Bland

June 11, 2008

In Reference To: Terrence Bland

Invoice #10001

Professional Services

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/31/2006 | RG | Prepared and file due process hearing request to DCPS- complete complaint to address placement and evals and file | 0.33<br>365.00/hr | 120.45 |
| 11/3/2006 | YA | Phone call from parent regarding receipt of correspondence | 0.17<br>115.00/hr | 19.55 |
| 11/13/2006 | RG | Discussion with CS attorney; discussion with advocate re: meeting and follow up ; reviewed file to ascertain status | 0.50<br>365.00/hr | 182.50 |
| 11/15/2006 | RG | Discussion with mom; Charter school; advocate; mom re: meeting | 0.42<br>365.00/hr | 153.30 |
| 11/17/2006 | RG | Drafted letter to Charter school and discussion with advocate re: hrg date | 0.58<br>365.00/hr | 211.70 |
| 11/20/2006 | YA | Phone call from parent requesting letter to authorize testing | 0.17<br>115.00/hr | 19.55 |
| 11/22/2006 | RG | discussion with psychologist- identified prior evals to be sent | 0.50<br>365.00/hr | 182.50 |
| | RG | Discussion with CH re: evals | 0.33<br>365.00/hr | 120.45 |
| 11/30/2006 | RG | Conference with parent ; telephone call from/to mom to discuss report card, hearing date, deadlines for documents to our office; review dates and deadlines and instructions to team re: follow up | 0.33<br>365.00/hr | 120.45 |
| 12/1/2006 | RG | Conference with parent - telephone call re: call from psychologist and questions; follow up letter drafted to Charter School | 0.58<br>365.00/hr | 211.70 |

| Date | Staff | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/4/2006 | YA | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office; includes copying and mailed | 0.58<br>115.00/hr | 66.70 |
| 12/5/2006 | RG | Discussion with school psychologist; ( telephone call and return call; advocate and parent re: continued HD and reason for Vineland | 0.58<br>365.00/hr | 211.70 |
| | YA | Phone call from parent regarding questionnaire from evaluators | 0.17<br>115.00/hr | 19.55 |
| 12/6/2006 | YA | Phone call from parent to confirm meeting | 0.17<br>115.00/hr | 19.55 |
| | YA | Draft letter to Dr. Fleitas with copy of evaluations | 0.42<br>115.00/hr | 48.30 |
| | YA | Drafted letter to parent with the continuance hearing date notice | 0.42<br>115.00/hr | 48.30 |
| | RG | Discussion with psychologist re: evals; advocate and parent | 0.50<br>365.00/hr | 182.50 |
| 12/11/2006 | RG | Conference with parent telephone call from parent | 0.33<br>365.00/hr | 120.45 |
| 12/15/2006 | YA | Phone call to Mary Macleod PCS regarding the motion to compel notice | 0.25<br>115.00/hr | 28.75 |
| | YA | Drafted letter to parent regarding the Clinical Evaluation and Social History Evaluation | 0.58<br>115.00/hr | 66.70 |
| 1/9/2007 | YA | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retrieved documents that are relevant; includes researching witnesses information; draft 5-day disclosure letter, tab documents, make copies and package for courier | 3.00<br>115.00/hr | 345.00 |
| | YA | Discussion with the child's attorney to include new documents | 0.17<br>115.00/hr | 19.55 |
| | RG | Prepare disclosure to DCPS | 1.00<br>365.00/hr | 365.00 |
| 1/11/2007 | YA | Filed Back Disclosure documents in main file | 0.50<br>115.00/hr | 57.50 |
| 1/16/2007 | YA | Phone call to parent regarding hearing | 0.17<br>115.00/hr | 19.55 |
| 1/17/2007 | RG | Prepared for Due Process Hearing | 1.50<br>365.00/hr | 547.50 |

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/17/2007 | RG | Appearance to 825 North Capital for due process hearing and pre/post hrg discussion with mom | 2.50<br>365.00/hr | 912.50 |
| 1/29/2007 | RG | Reviewed HOD and instructions to paralegal | 0.33<br>365.00/hr | 120.45 |
| 2/2/2007 | YA | Review and draft letter to parent with a copy of the (HOD issued by the Student Hearing Office on (January 2007); includes copying and mailed | 0.42<br>115.00/hr | 48.30 |
| 2/6/2007 | YA | Phone call from parent regarding the Hearing Officer's Determination | 0.17<br>115.00/hr | 19.55 |
| 2/12/2007 | YA | Drafted letter to parent regarding continued Hearing Date Notice | 0.42<br>115.00/hr | 48.30 |
| 2/21/2007 | RG | Conference with parent call and review motion | 0.33<br>365.00/hr | 120.45 |
| | RG | Conference with parent | 0.33<br>365.00/hr | 120.45 |
| 2/22/2007 | RG | Conference with parent - telephone call from/to parent re: continuance; call to School Atty, call from/to Hearing Officer re: status | 0.50<br>365.00/hr | 182.50 |
| 3/7/2007 | YA | Review and draft letter to parent with a copy of the due process hearing notice date sent by the Student Hearing Office; includes copying and mailed | 0.42<br>115.00/hr | 48.30 |
| 3/16/2007 | RG | Prepare disclosure to DCPS supplemental | 0.50<br>365.00/hr | 182.50 |
| | RG | Assisted attorney with Supplemental disclosure to Dalton & Dalton | 0.42<br>365.00/hr | 153.30 |
| | RG | Phone call from parent regarding additional documents | 0.17<br>365.00/hr | 62.05 |
| 3/22/2007 | RG | Prepared for Due Process Hearing and discussion with mom | 1.50<br>365.00/hr | 547.50 |
| 3/23/2007 | RG | Appearance to 825 North Capital for due process hearing and post heating conference with student | 2.33<br>365.00/hr | 850.45 |
| | | For professional services rendered | 24.59 | $6,925.35 |

Additional Charges :

| Date | Description | Amount |
|---|---|---|
| 10/31/2006 | Faxed HR to SHO | 10.00 |
| | Copied: HR | 9.00 |
| 11/1/2006 | Copied; HR for parent and advocate. | 5.00 |
| | Copied; Letter for parent re: HR. | 0.25 |
| | Postage; Letter to parent re: HR | 0.87 |
| 11/13/2006 | Facsimile; confirming meeting to Mary McLeod Bethune. | 2.00 |
| 11/14/2006 | Made copies for parent re: resolution | 10.75 |
| 11/17/2006 | Fax request for hearing date to SHO/PCS | 4.00 |
| 12/4/2006 | Postage; Letter to parent re: HDN. | 0.39 |
| | Received fax from SHO re: (NOH) | 1.00 |
| | Made copies for adv re: HDN | 0.50 |
| | Made copies for parent re: HDN | 0.50 |
| 12/6/2006 | Copied: letter to parent | 0.50 |
| | Faxed doc to Dr. Fleitas re: evaluations | 15.00 |
| | Postage: letter to parent | 0.39 |
| 12/8/2006 | Copied; MDT and IEP for meeting. | 12.50 |
| 12/13/2006 | Copied; Clinical and classroom observation for parent. | 2.50 |
| | Copied; letter for parent and advocate re: evaluations. | 2.50 |
| | copied social history | 1.50 |
| | copied clinical and classroom observation | 2.50 |
| | copied letter to parent re: evals. | 0.50 |
| | Copied; Social history for parent. | 1.50 |
| 12/14/2006 | Postage; Letter to parent re: evaluations. | 1.11 |
| 12/15/2006 | Facsimile; Motion to Compel to SHO. | 3.00 |

| Date | Description | Amount |
|---|---|---|
| 12/15/2006 | Facsimile; Motion to Compel to Mary McLeod. | 3.00 |
| 1/8/2007 | Facsimile; IEP from Dalton. | 9.00 |
| 1/9/2007 | Facsimile; Exhibit 29-34 to Dalton, Dalton & Houston. | 22.00 |
| | Messenger Service to and from DCPS (5 day disclosure) | 20.00 |
| | Received fax from Dalton re:disclosure | 53.00 |
| | Copied; Disclosure for SHO, OGC and attorney. | 146.25 |
| | Fax Exhibits 1-15 disclosures to Dalton | 92.00 |
| | Facsimile; Exhibit 16-34 to Dalton, Dalton & Houston. | 103.00 |
| 1/17/2007 | Taxi Service to and from DCPS (Hearing) | 16.00 |
| 1/29/2007 | copied HOD | 8.00 |
| 2/2/2007 | Postage; letter to parent (HOD) | 0.63 |
| | Copied doc for parent re: HOD | 0.25 |
| 2/12/2007 | Postage; Letter to parent re: HDN | 0.39 |
| | copied letter to parent re: HDN | 0.75 |
| 3/5/2007 | Received fax from SHO re: order | 2.00 |
| 3/7/2007 | Copied; Letter for parent re: HDN. | 0.75 |
| | Received fax from SHO re: NOH | 1.00 |
| | Postage; HDN w/letter to parent. | 0.39 |
| 3/16/2007 | Messenger Service to and from DCPS (5 day) | 20.00 |
| | Copied doc for SHO re: disclosure | 8.25 |
| | Copied doc for OGC re: disclosure | 8.25 |
| 3/23/2007 | Taxi Service to and from DCPS (hearing) | 16.00 |
| | Total additional charges | $618.67 |
| | Total amount of this bill | $7,544.02 |

User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Roberta Gambale, Attorney | 16.39 | 365.00 | $5,982.35 |
| Yamileth Amaya, Paralegal | 8.20 | 115.00 | $943.00 |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:

June 11, 2008

Invoice #10011

Professional Services

| Date | Description | Hrs/Rate | Amount |
|---|---|---|---|
| 8/3/2007 | Review of summons issued to parent. Requested and viewed documents provided by RG. Drafted answer. | 1.00<br>245.00/hr | 245.00 |
| 8/8/2007 | scanned documents and saved as pdf in S drive. File answer to complaint | 0.33<br>115.00/hr | 37.95 |
| 9/17/2007 | ECF- Filing notice of consent to proceed before magistrate/unable to log to ECF/Phone call to US Court to get information to file documents file | 0.92<br>115.00/hr | 105.80 |
| 10/16/2007 | Printed and review administrative records all ECF email/copies all to appeals atty's/files same pleading files/hole punch | 0.75<br>115.00/hr | 86.25 |
| 10/31/2007 | Participated in Rule 16.3 (b) conference. | 0.33<br>245.00/hr | 80.85 |
| 11/13/2007 | Records review of the administrative record. Record not divided into sections so counsel divided record with an exhibit list to assist in drafting motion for summary judgment and statement of material facts. Record is 300 plus pages. | 1.50<br>245.00/hr | 367.50 |
| 11/15/2007 | Continued records review of the administrative record. Record not divided into sections so counsel divided record with an exhibit list to assist in drafting motion for summary judgment and statement of material facts. Record is 300 plus pages. | 1.50<br>245.00/hr | 367.50 |
| 11/21/2007 | Drafted and completed statement of material facts. | 1.75<br>245.00/hr | 428.75 |
| 11/26/2007 | Preparation of motion for summary judgment. Gathered research on the issues of compensatory education and dissected Reid. | 1.75<br>245.00/hr | 428.75 |

| Date | Description | Hrs/Rate | Amount |
|---|---|---|---|
| 11/28/2007 | Completed first draft of motion for summary judgment. Reviewed and revised information contained in motion and continued to research additional cases to shed light on the issues contained in opposing counsel complaint. | 3.00<br>245.00/hr | 735.00 |
| 12/3/2007 | Discussion with Attorney PDF/scanned documents and file to ECF motion for summary judgment | 0.75<br>115.00/hr | 86.25 |
| 12/5/2007 | Completed opposition to Plaintiffs motion for summary judgment. | 3.00<br>245.00/hr | 735.00 |
| 1/4/2008 | Ecf file opposition to plaintiff MS-includes covert document to pdf save in "S" drive printed confirmation of filing | 0.25<br>115.00/hr | 28.75 |
| 2/25/2008 | ECF-printed and review ecf email received updated calendar with upcoming dates | 0.42<br>115.00/hr | 48.30 |
| 2/28/2008 | Review documents scanned/pdf/file ECF and tickle calendar | 0.33<br>115.00/hr | 37.95 |
| 3/27/2008 | Court ordered parties to draft supplement briefs. Began research on issues pertaining to compensatory education. | 1.83<br>245.00/hr | 448.35 |
| 3/31/2008 | Continued research. | 2.33<br>365.00/hr | NO CHARGE |
| 4/16/2008 | Drafting of response as ordered by the Court. | 1.33<br>245.00/hr | 325.85 |
| 4/18/2008 | Continued drafting of Supplemental motion as ordered by the Court. | 1.83<br>245.00/hr | 448.35 |
| 4/23/2008 | Continued drafting of motion for court. Made revisions and completed motion as final. | 1.33<br>245.00/hr | 325.85 |
| 5/12/2008 | Responded to the Motion filed by Plaintiff. | 0.33<br>365.00/hr | NO CHARGE |
| | For professional services rendered | 26.56 | $5,368.00 |
| | Balance due | | $5,368.00 |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:

June 11, 2008

| | Amount |
|---|---|
| Previous balance | $5,368.00 |
| Balance due | $5,368.00 |